311 So.2d 55 (1975)
Henry Lee RANKIN, Plaintiff-Appellant,
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Defendant-Appellee.
No. 12570.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1975.
*56 Leslie B. Bagley, Mansfield, for plaintiff-appellant.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for defendant-appellee.
Before BOLIN, PRICE and DENNIS, JJ.
BOLIN, Judge.
While employed by Don Edwards Timber Company, Inc., as a general pulpwood laborer, Henry Lee Rankin was injured on June 11, 1973, when he fell into the windshield of a truck and cut his right elbow. Rankin sues Employers Mutual Liability Insurance Company of Wisconsin, Edwards' insurer, for workmen's compensation benefits, penalties and attorney's fees.
Based upon a joint stipulation, depositions, and a trial in open court the trial judge, for written reasons assigned in original and supplemental opinions, found Rankin was temporarily disabled from the date of injury until no later than November 19, 1973. He further found Rankin's wages depended upon how many cords of wood he cut and, calculating his wages on a unit basis, arrived at a compensation rate of $42.75 per week. Defendant having paid plaintiff $40.39 per week during his period of disability, judgment was rendered in favor of plaintiff against defendant for $2.36 per week from June 11, 1973 until November 19, 1973, together with interest and costs. Demands for penalties and attorney's fees were denied. Defendant appeals and we affirm the judgment below.
The basic issues presented on appeal are:
1. Did the employee suffer a partial permanent disability of the right arm entitling him to recover for 200 weeks under Louisiana Revised Statutes 23:1221(4, f and o) at a rate of $12.50 per week, the minimum compensation rate applicable under the amendment to Louisiana Revised Statutes 23:1202 effective on the day of injury; or benefits for partial disability only during the period of disability under La. R.S. 23:1221(3)?
2. What is the correct method of calculating plaintiff's wages?
The first issue is factual in nature and its resolution depends upon a careful analysis of the lay and medical testimony. Plaintiff was seen and treated on the day of his injury by a general practitioner. This physician treated him on numerous occasions thereafter. He was also examined and treated by a surgeon and numerous orthopedists. In his opinion the trial judge commented on the testimony of each of these experts. He also noted in his opinion that plaintiff was employed by Hendrix Manufacturing Company on August 2, 1973, two months after his injury, *57 and performed manual labor for this company on a 45-hour-week basis up to the date of trial on April 16, 1974. The trial judge concluded plaintiff was not permanently disabled but to the contrary found:
"Plaintiff has failed to establish any disability, within the meaning and intendment of the Louisiana Workmen's Compensation Laws, extending beyond November 19, 1973, which was the date through which workmen's compensation was paid to plaintiff."
We find the record supports this conclusion.
On the second issue, wages such as those in the instant case are defined in La. R.S. 23:1021(11, d):
"If the employee is employed on a unit, piecework, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by five; provided, however, that if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by five."
The trial judge in his supplemental opinion stated:
"Counsel for plaintiff and defendant have, by stipulation, furnished the Court with additional figures to be used in the determination of the average weekly wage of plaintiff during the 26-week period immediately preceding the accident herein involved. This will preclude the necessity for the production of evidence, in open court, in connection with the previously ordered re-opening of the case.
"Unfortunately, no record was kept by either plaintiff or defendant as to the actual days plaintiff worked during this 26-week period. Accordingly, the precise statutory test cannot be complied with in determining `average weekly wage'. Using the limited figures available, with $1,710.00 being given as the gross earnings of plaintiff during the pertinent 26-week period, the Court, by dividing 26 into $1,710.00, arrives at an average weekly wage of $65.77. 65% of this `average weekly wage' is $42.75.
"Therefore, the plaintiff's compensation payments should have been at the rate of $42.75 and not $40.39."
Since defendant had paid plaintiff $40.39 per week during the period of his disability, the trial judge found plaintiff entitled to the difference between $42.75 and $40.39 from the date of the injury through November 19, 1973. We find no error in this portion of the judgment.
Plaintiff also sued for penalties and attorney's fees but we find the evidence insufficient to support this claim. Defendant terminated compensation payments on competent medical advice and the rate of compensation was only determined by stipulation of counsel.
Finding no error in the judgment of the lower court, it is affirmed at appellant's cost.