CIACCIO, Judge.
The State of Louisiana, plaintiff’s former employer, appeals from that portion of the district court judgment which declared that its Office of Risk Management was “arbitrary and capricious in their failure to pay workman’s compensation benefits ...” and in assessing them with attorney fees and penalties in the amount of $5,000. We affirm this portion of the judgment of the district court.
The sole issue on appeal is whether the actions of the defendant in terminating compensation to the plaintiff were arbitrary and capricious.
In February, 1982, plaintiff George Lupo was employed as a State Trooper, First Class with the Louisiana Department of Public Safety, Department of State Police. He sustained injuries which affected the cervical and lumbar areas of his spine, when in his attempts to subdue a subject during a carnival season, he was struck *1118 with a night stick by an on duty St. Bernard Parish Sheriffs Deputy. Following this incident plaintiff applied for and began receiving worker’s compensation benefits.
In December, 1984 plaintiff filed suit against the St. Bernard Sheriffs Office and Ray Lauga as tort feasors responsible for his personal injuries. Defendant, State of Louisiana intervened in this tort suit to recover compensation benefits it had paid plaintiff for the injuries he received and which arose out of the incident of February, 1982. During trial plaintiff compromised his tort suit for $140,000, out of which plaintiff paid to the defendant compensation carrier, in compromise, the sum of $20,000 in settlement of defendant’s $50,000 claim for reimbursement.
The plaintiff had received compensation benefits from February 1982 until January 1985. Following his compromise of the tort claim the plaintiff was informed of the termination of compensation benefits and medical expenses. He was further informed that no further benefits would be paid until he exhausted the funds he had received in settlement of the tort suit.
On April 11, 1985 plaintiff filed this suit against defendant alleging entitlement to compensation benefits for total and permanent disability, reimbursement for medical expenses, and attorney fees and penalties for the arbitrary and capricious termination of compensation benefits.
On October 25, 1985 the defendants filed an exception of prematurity wherein they argued that plaintiff was barred from recovery until such time as the amount which would have been due under the Compensation Act exceeded the recovery from the tort action. Following a hearing on the matter the trial court dismissed the defendant’s exception.
This matter was tried on the merits on September 10, 1987 and judgment was rendered in favor of the plaintiff and against the defendant. The court found plaintiff to be totally and permanently disabled; entitled to compensation benefits and medical expenses from January 29,1985 to present; entitled to attorney fees and penalties in the sum of $5,000. The court also ordered the reinstatement of weekly compensation benefits to the plaintiff.
In the appeal of the award of penalties and attorney fees defendant argues that its actions were not “arbitrary and capricious” and hence, the trial court erred in this award.
Defendant contends that it was not arbitrary and capricious in terminating compensation and medical benefits because plaintiff was first obligated to exhaust the monies he received in compromise of his tort action. Defendant relies upon Louisiana Revised Statute Title 23 Section 1103 in support of this position.
Louisiana Revised Statute Title 23 Section 1103 provides:
LSA R.S.23:1103
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependents; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof due the employee who is dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependents shall be binding upon or affect the rights of the others unless assented to by him.
In Crabtree v. Bethlehem Steel Corporation, on rehearing, 284 So.2d 545 (La., 1973) the Louisiana Supreme Court ad *1119 dressed a similar argument. In Crabtree, supra at 555, the court reasoned as follows:
* * * * * *
In the face of the statutory classification, we are unable to agree with Bethlehem’s contention that it makes no difference whether the injured employee or his survivors receives sums from third persons by judgment or compromise:
“A judgment is the determination of the rights of the parties in an action * * La.C.Civ.P. Art. 1841 (italics supplied). “A transaction or compromise is an agreement between two or more persons who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. * * * ” Civil Code Article 3071.
Although both of these legal characterizations may have the force of res judica-ta, La.C.Civ.P. Art. 1842, Civil Code Arts. 3078, 3556(31), they are distinguishable. In a tort suit, a judgment in favor of the plaintiff awards the full damages to which he is entitled. Ordinarily, by a compromise of a tort claim a plaintiff accepts less than the full damages suffered, and a defendant pays a sum not representing the full damages, each balancing the danger of losing against the hope of gaining all.
******
The decision’s essential reasoning is that sums received by way of compromise are not paid to satisfy “a legal liability to pay damages”, La.R.S. 23:1101, so as to be under the statutory scheme subject to apportionment between the employer and the employee.
In conclusion, the court in Crabtree, supra at 556, held:
We prefer, however, to rest our holding upon our construction of the statutory enactment: that an employer cannot receive credit against its compensation liability for sums received by an employee through a compromise of a tort claim against a third person to which the employer is not a party, and which thus does not affect any right the employer has against the third person. This holding is especially applicable to instances such as the present, where the employer has notice of a tort suit filed by the employee and does not intervene to protect its rights to reimbursement.
Defendant seeks to remove itself from the holding in Crabtree, supra by alleging that it neither assented to the plaintiff’s compromise with the third party nor was it paid by the tortfeasor in the compromise of its intervention. The record of the tort suit is not before us, and no proof of the compromise of the tort suit or of defendant’s intervention appears in this record. However, in brief, defendant admits that it compromised its intervention with plaintiff. In doing so, it neither reserved its rights against the tortfeasor nor secured a waiver of future benefits from the plaintiff. The fact that defendant received the $20,000 in settlement of its intervention from the plaintiff rather than directly from the tort-feasor is a distinction without substance or meaning.
Since the defendant agreed to the compromise of the intervention and to the compromise of plaintiff’s tort claim, we find the Crabtree case and its progeny to be controlling.
In Roberson v. Fontenot Petroleum Co., Inc., 322 So.2d 287 at 291 (La.App., 1st Cir., 1975), writ den. 325 So.2d 277 (La.1976), the court stated:
We hold that an employer cannot receive credit against its compensation liability for sums received by an employee through a compromise of the tort claim against the third person, where the employer, after intervening in the tort action, assents to the compromise. When the employer assents to such compromise, it is binding upon him. LSA-R.S. 23:1103.
Accordingly, the defendant had no legal justification for requiring the plaintiff to exhaust the monies received from his tort claim compromise before reinstating compensation benefits. The trial court cor *1120 rectly decided this issue when it denied the defendant’s exception of prematurity.
Defendant next argues that their termination of the plaintiffs compensation benefits was grounded upon the sworn testimony of Dr. Correa that the plaintiff was capable of returning to sedentary employment and would benefit by doing so.
Louisiana Revised Statute Title 23 Section 1201.2 provides for an award of attorney fees and penalties upon the termination of benefits without probable cause:
La.R.S. 23 Sec. 1201.2. Failure to pay claims; discontinuance; attorney’s fees Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney’s fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney’s fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney’s fees for the prosecution and collection of such claims. ... (Emphasis Supplied)
Cause depends primarily on the facts known to the employer at the time of its action. Scott v. Sears Roebuck Co., 406 So.2d 701 (La.App., 2nd Cir., 1981). These facts must justify the termination of benefits. Lee v. Smith, 248 La. 16, 176 So.2d 413 (La., 1965).
When an employer terminates compensation payments on competent medical evidence the worker is not entitled to recover attorney fees against the employer. Rankin v. Employer’s Mutual Liability Insurance Company of Wisconsin, 311 So.2d 55 (La.App., 2nd Cir., 1975). A determination of whether the termination is arbitrary, capricious, and without probable cause will not be disturbed on appeal unless clearly wrong. Scott v. Sears Roebuck Co., supra citing Arceneaux v. Dominque, 365 So.2d 1330 (La., 1978).
In this case, the Office of Risk Management’s claim agent, Karen Jackson, testified that she began handling plaintiff’s case in December, 1986. She also testified that plaintiff’s benefits were terminated because of the advice of their attorney. The benefits were not reinstated though a demand was made by plaintiff’s counsel.
Ms. Jackson indicated that claims counsel provided her office with an excerpt from the testimony of Dr. Correa given during plaintiff’s tort trial, wherein he indicated that plaintiff could perform sedentary work and was therefore, not totally disabled. She stated that this formed one basis for the termination of plaintiff’s compensation benefits. She was unable to ascertain from the file when the excerpt of Dr. Correa’s testimony was received.
She further stated that plaintiff did not provide medical reports indicating his continued disability. Ms. Jackson conceded that although she had paid plaintiff’s medical bills that were in line for payment before the decision to terminate his benefits, she neither required, sought nor received medical reports regarding plaintiff’s condition. She also conceded that she was aware that Mr. Lupo had been retired by the Louisiana State Police as 100% disabled.
It is upon these facts that the decision to terminate benefits was based.
We find, as did the trial court judge, that the termination of benefits in this case was arbitrary, capricious and without probable cause. Although there existed some testimony by Dr. Correa to the effect that plaintiff could return to sedentary employment, Dr. Correa’s testimony, taken as a *1121 whole, indicated that Lupo was severely disabled. No proof was offered to show the availability of a sedentary job and any job would have to be performed in continuous pain. It was not reasonable for defendant’s claims agent to conclude that plaintiff was not disabled merely because of the excerpt tendered to her.
The claims agent could not state when the excerpt of Dr. Correa’s testimony was received. Assuming, arguendo, that the information was received before the decision to terminate Was made, the excerpt, in itself, was not sufficient grounds for terminating plaintiff’s compensation. Defendant made no effort to obtain a current medical report from Dr. Correa before terminating benefits. Under these circumstances, plaintiff was under no obligation to provide the compensation carrier with medical information to prove continued disability in order to obtain a reinstatement of benefits, as there was no justification for the initial termination of those benefits.
Since the defendant has failed to establish a legal justification for termination of compensation benefits, we find the trial court did not err in concluding that this action was arbitrary, capricious and without probable cause so as to warrant the assessment of penalties and attorney fees. La.R.S. 23:1201.2.
Accordingly, we affirm the judgment of the trial court at defendant’s costs.
AFFIRMED.