647 So.2d 548 (1994)
Harold EDWARDS, Plaintiff-Appellee-Appellant,
v.
DELTA TIMBER COMPANY, Defendant-Appellant-Appellee.
No. 94-725.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
*549 Donald Ray Brown, Alexandria, for Harold Edwards.
William Shands Carter Jr., Ruston, for Delta Timber Co.
Kenneth A. Doggett, pro se.
Before KNOLL and WOODARD, JJ., and BERTRAND,[1] J. Pro Tem.
KNOLL, Judge.
Harold Edwards (Edwards), an injured logging industry employee, filed a claim for disputed compensation benefits against his employer, Delta Timber Company (Delta), in the Office of Worker's Compensation (OWC). Edwards maintained that his compensation benefits were too low. The OWC ruled in favor of Edwards, increased his compensation benefits, and cast Delta with penalties and attorney's fees. We amend to increase attorney's fees and affirm.
The issues on appeal[2] are (1) whether the OWC properly calculated Edwards' wages pursuant to LSA-R.S. 23:1021(10)(d); (2) whether the hearing officer erred in finding that Edwards' expenses were 40% of his gross earnings; and, (3) whether the hearing officer properly cast Delta with penalties and attorney's fees because Delta was arbitrary and capricious in the calculation of Edwards' worker's compensation benefits.

FACTS
Edwards worked as a truck driver who hauled pulpwood for Delta. Edwards' employment with Delta lasted for fourteen weeks until he was injured in a traffic accident on November 7, 1991, while in the course and scope of his employment. From the date of Edwards' accident, Delta's worker's compensation insurer, American Interstate Insurance Company of Georgia (American Interstate), paid worker's compensation benefits to Edwards in the amount of $129.95 per week for forty-nine weeks. On October 28, 1992, American Interstate reduced the plaintiff's compensation benefits to $127.44 per week. At trial, American Interstate's claims adjuster, Barbara Rachal (Rachal), testified that she calculated Edwards' worker's compensation benefits pursuant to the formula in LSA-R.S. 23:1021(10)(d). However, Rachal also testified that she assumed that Edwards had worked an average of five days a week for fourteen weeks and incurred expenses of 50% of his gross earnings; Rachal made no attempts to verify this information. Dissatisfied with the amount of his worker's compensation benefits, Edwards filed a claim for disputed compensation against Delta in the Office of Worker's Compensation on March 16, 1992.
While working for Delta, Edwards owned and operated his own truck, a Ford F-600. As the owner of his own truck, Edwards paid for its operating expenses, including fuel, tires, lubrication, maintenance, and repairs. At trial, Edwards testified that his expense records had been destroyed in a fire at his sister's house. However, Edwards estimated that his operating expenses were $30 per load of pulpwood hauled. On the other hand, Rachal testified that truck drivers in the logging industry normally incurred expenses of 50% of their gross earnings. The hearing *550 officer found that Edwards' expenses were 40% of his gross earnings.
As is the custom in the logging industry, Edwards' gross wages were based upon the number of cords of wood that he hauled per week. At trial, Edwards testified that he hauled an average of seven cords of wood per load and earned an average of $11.00 for each cord of wood hauled. The record indicates that Edwards earned a gross amount of $5,690.06 while driving his own truck for Delta. Edwards testified that he also drove his cousin's truck for $20 per load, but his cousin would pay for all the expenses. While driving his cousin's truck for Delta, Edwards earned $500. Neither Edwards nor Delta presented any evidence at trial that could have revealed Edwards' actual number of work days during his fourteen week employment with Delta.[3]

CALCULATION OF OTHER WAGES
The wages of an employee hired on a piecemeal basis are calculated pursuant to LSA-R.S. 23:1021(10)(d) which states:
Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four.
While not required by the express language of LSA-R.S. 23:1021(10)(d), an employee's expenses are deducted from his gross earnings if the employee supplies his own equipment or helpers. See Nesmith v. Reich Bros., 203 La. 928, 14 So.2d 767 (1943); France v. A & M Wood Co., 566 So.2d 106 (La.App. 2d Cir.1990); Herrin v. Georgia Cas. & Sur. Co., 414 So.2d 1323 (La.App. 2d Cir.1982); Burgess v. Southern Cas. Ins. Co., 203 So.2d 434 (La.App. 3d Cir.1967); Thompson v. Cloud, 166 So.2d 28 (La.App. 3d Cir. 1964); Webb v. Crosby Lumber and Mfg. Co., 105 So.2d 290 (La.App. 1st Cir.1958); Carter v. Consolidated Underwriters, 62 So.2d 682 (La.App. 2d Cir.1953). The reason for subtracting an employee's expenses from his gross earnings is to exclude any return on capital in the determination of worker's compensation benefits. See Malone & Johnson, 14 Louisiana Civil Law Treatise: Workers' Compensation § 327 (3d ed. 1994). Simply demonstrated, if it costs an employee $5 to make $10 then that employee only earns $5. Because the employee only earns $5, it would be unfair to use the $10 figure to calculate his worker's compensation benefits.
The method used to calculate "other wages" in LSA-R.S. 23:1021(10)(d), combined with the jurisprudential rule requiring the deduction of expenses from an employee's gross earnings, can be expressed with the following equation:
Wages= Gross Earnings  Expenses
 -------------------------- × 4
 Actual # of Days Worked
However, in this case, the hearing officer was unable to apply the above formula because Edwards' actual number of days worked could not be determined. To solve this problem, the hearing officer calculated Edwards' wages using a method followed by the Second Circuit in Rankin v. Employers Mut. Liab. Ins. Co., 311 So.2d 55 (La.App. 2d Cir.1975), when it faced a similar situation. The Rankin formula appears as follows:
Wages= Gross EarningsExpenses
 -----------------
 # of Weeks Worked
Our review of the law reveals only one other case that has used this method for calculating an employee's wages when an employee's actual number of work days could not be determined. See Dupre v. North-West Ins. *551 Co., 372 So.2d 624 (La.App. 1st Cir.), writ denied, 373 So.2d 545 (La.1979).
Given the particular facts of the case at hand, we find that the hearing officer's use of the Rankin formula was appropriate. In reaching this conclusion, we recognize that LSA-R.S. 23:1021(10)(d) provides no guidance for calculating an employee's wages when the employee's actual number of work days cannot be determined. We find this method fair and reasonable under the circumstances.
In the case sub judice, the hearing officer applied the Rankin formula and found that Edwards was entitled to worker's compensation benefits of $186.38 per week.[4] In reaching this conclusion, the hearing officer made the following findings of fact: (1) Edwards had earned the gross amount of $6,190.06 for driving his own truck and his cousin's truck during the fourteen week period; and (2) Edwards' expenses were 40% of the monies that Edwards had earned while driving his own truck. The standard of review for a hearing officer's findings of fact in a worker's compensation case is "manifest error." Alexander v. Pellerin Marble & Granite, No. 93-1698 (La. 1/14/94), 630 So.2d 706; Doucet v. Baker Hughes Prod. Tools, No. 93-3087 (La. 3/11/94), 635 So.2d 166. We have thoroughly reviewed the record and have found no manifest error in the hearing officer's calculations regarding Edwards' expenses, gross earnings, and worker's compensation benefits. Although Delta asserts that the 40% expense figure is below the industry average, the record is devoid of any clear and convincing evidence that supports this contention.

PENALTIES AND ATTORNEY'S FEES
The hearing officer cast Delta with a 12% penalty on all past due sums owed to Edwards and awarded Edwards $3000 for attorney's fees. Delta contends that the hearing officer erred in awarding Edwards penalties and attorney's fees. On the other hand, Edwards' attorney answered the appeal requesting an increase in attorney's fees.
Under LSA-R.S. 23:1201.2, the assessment of attorney's fees is proper when an insurer fails to pay benefits within sixty days of written notice and the failure to pay is found to be arbitrary, capricious, or without probable cause. Additionally, under LSA-R.S. 23:1201, the injured worker is entitled to a 12% penalty on all amounts due which are not paid within fourteen days after notice of injury. As succinctly and appropriately stated by Justice Lemmon:
In enacting the penalties and attorney's fees provisions in La.Rev.Stat. 23:1201 E and 1201.2, the Legislature recognized that some employers, unless faced with possible penalties, may not pay appropriate attention to an employee's compensation claim. The purpose of these penalties is to nudge the employer into making timely payments when there is no reasonable basis for refusing or delaying its obligation.
Weber v. State, No. 93-0062 (La. 4/11/94), 635 So.2d 188, 193. In reaching her decision, the hearing officer found that Delta's underpayment of Edwards' worker's compensation benefits was arbitrary and capricious. A hearing officer has great discretion in the award of attorney's fees and will not be disturbed absent manifest error. Dietz v. Guichard Drilling Co., 626 So.2d 79 (La.App. 3d Cir.1993). An award of penalties and attorney's fees is essentially a question of fact and should not be reversed unless clearly wrong. Comeaux v. Grey Wolf Drilling, No. 93-1289 (La.App. 3d Cir. 5/4/94), 640 So.2d 532, writ denied, 642 So.2d 193 (La. 1994); Scott v. Central Indus., Inc., 602 So.2d 201 (La.App. 3d Cir.1992). Given the ample support in the record, we find no manifest error in the hearing officer's award of penalties and attorney's fees.
However, because the hearing officer's $3000 award for Edwards' attorney's *552 fees does not reflect the time expended on this appeal, we find that Edwards' award for attorney's fees should be increased by $2000.

DECREE
For the foregoing reasons, we affirm the hearing officer's judgment awarding worker's compensation benefits and penalties to Edwards. We hereby amend the attorney's fees award to increase attorney's fees from $3000 to $5000. All costs of this appeal are assessed to Delta.
AFFIRMED AS AMENDED.
NOTES
[1] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[2] Both parties have appealed, but the issues are the same.
[3] Delta's owner, John W. Van Zant, testified that there was a remote possibility that he may have been able to calculate Edwards' actual number of work days using "scale tickets" from the mill that received Edwards' loads of pulpwood. However, Mr. Van Zant also remarked that neither his attorney nor Edwards' attorney or American Interstate ever asked him for this information.
[4] The hearing officer performed the following calculations:

1. Gross earnings for 14 weeks $ 6,190.06
2. Less: 40% overhead or expenses
 on $5,690.06 from his own truck $ 2,276.02
 __________
 $ 3,914.04
3. Divided by 14 weeks worked 14
 __________
4. Average weekly wage ("AWW") $ 279.58
5. Compensation Rate (2/3 of AWW) $ 186.38