676 So.2d 1072 (1996)
Ralph CHEVALIER
v.
L.H. BOSSIER, INC.
No. 95-C-2075.
Supreme Court of Louisiana.
July 2, 1996.
Rehearing Denied September 3, 1996.
*1073 Albin Alexandre Provosty, B. Scott Cowart, Provosty, Sadler & deLaunay, for Applicant.
Joseph Texada Dalrymple, Rivers, Beck & Dalrymple, for Respondent.
KIMBALL, Justice.[*]

ISSUE
We granted the writ in this worker's compensation case to determine whether a covered independent contractor who has received and continues to receive all compensation benefits to which he is entitled from his employer's compensation insurer may recover compensation benefits under La. R.S. 23:1163, or otherwise, from an employer who has violated La.R.S. 23:1163 by charging the covered claimant for the cost of his worker's compensation insurance. We hold that La.R.S. 23:1163 does not provide an employee with a private cause of action against his employer for unpaid compensation benefits and, further, that claimant in this particular case, having received all compensation benefits to which he is entitled from the employer's compensation insurer, may not recover the same compensation benefits from his employer.

FACTS AND PROCEDURAL HISTORY
The facts of this case are not disputed by the parties. Claimant, Ralph Chevalier, was hired by L.H. Bossier, Inc. ("Bossier"), a highway construction company, as an "independent hauler" to drive his own truck hauling road materials for Bossier. Though Bossier owned trucks which were driven by its own employees and paid all the maintenance, operation and insurance costs associated with its trucks, claimant, who owned his own truck, was required under his agreement with Bossier to pay for all maintenance and operation costs of his truck. Further, although Bossier withheld all required payroll deductions from the paychecks of its employee-drivers (i.e., FICA, etc.), the only sum it withheld from claimant's check was a sum remitted by Bossier to its worker's compensation insurer, Reliance Insurance Company of Illinois ("Reliance"), for the cost of worker's compensation coverage for claimant. As Bossier concedes, under this employment arrangement claimant was a covered independent contractor pursuant to La.R.S. 23:1021(6), and was therefore entitled to worker's compensation coverage from Bossier, at Bossier's cost. As such, Bossier further concedes that its deduction from claimant's paycheck of the cost of worker's compensation coverage for claimant was *1074 a violation of La.R.S. 23:1163.[1]
On November 26, 1985, while hauling materials for Bossier, claimant was injured in an automobile accident. Claimant sustained injuries in the accident which resulted in his being assessed as temporarily totally disabled under La.R.S. 23:1221(2). Since his accident in 1985, claimant has been and remains temporarily totally disabled and has received full worker's compensation benefits, weekly and medical, from Reliance, Bossier's insurer.
In 1992, claimant learned from his attorney in the instant case that the deductions made by Bossier from his paycheck for the cost of his worker's compensation coverage were made in violation of La.R.S. 23:1163. Claimant thereafter filed a claim in the Office of Worker's Compensation alleging that as Bossier had never provided compensation coverage for him, but was legally obligated to provide him with such coverage, Bossier was still liable for his compensation even though he had received and was still receiving full compensation from Reliance. In this regard, claimant maintained that since he had actually paid for his worker's compensation coverage through Bossier's payroll deductions from his paychecks, Bossier should not be allowed to take a credit for the compensation paid to him by Reliance. See La.R.S. 23:1225(C); Bryant v. New Orleans Public Service, Inc., 414 So.2d 322 (La.1982) (holding an employer and its worker's compensation insurer are not entitled to a credit against the employer's statutory worker's compensation obligation for medical expenses covered by an employee's husband's non-worker's compensation benefit plan). Claimant further asserted that his claim against Bossier was not prescribed, even though it was filed more than seven years after his accident, as he was not aware and should not have been aware of the existence of such a claim due to Reliance's payment of his compensation benefits.
Bossier, conceding its violation of La.R.S. 23:1163, nevertheless maintained Chevalier's claim had prescribed because it was filed more than one year after claimant's accident, Bossier had done nothing to prevent claimant from asserting his claim, and Chevalier's assertions regarding prescription amounted to nothing more than a claim that because he was unaware of the requirements of La.R.S. 23:1163, i.e., that because he was ignorant of the law, he was unable to timely assert his claim for benefits against Bossier. Regarding the merits of Chevalier's claim, Bossier argued that nothing in La.R.S. 23:1163 entitled claimant to a "double recovery" of worker's compensation benefits, and that in any event, Bossier and its insurer were solidary obligors for the compensation benefits to which claimant was entitled such that Reliance's payment of claimant's benefits relieved Bossier of any such obligation.
After a hearing on the claim, the worker's compensation Hearing Officer ruled the claim was not prescribed because:
Claimant reasonably believed that these payments [the Reliance payments] were in accordance with law and failed to file his claim earlier. It is only after he was advised *1075 by an attorney that his own payment of the premiums might be illegal under R.S. 23:1163 that he filed this claim. Defendant made no showing that plaintiff was unreasonable in this belief.... Benefits are being paid and the filing of this claim was delayed because of action taken by the employer intentionally or unintentionally, which led plaintiff to reasonably believe his employer was performing its duty to him.
However, the Hearing Officer, addressing the merits of Chevalier's claim against Bossier, further held:
Considering the specific facts of this case, and that claimant would be entitled to recover worker's compensation benefits from Reliance anyway in the amounts already being paid, regardless of who paid the premiums, claimant is not entitled to a double recovery. A violation of R.S. 23:1163 entitled claimant only to recovery of a penalty of $500.00 and, possibly in another jurisdiction, return of premiums paid by claimant.
The Hearing Officer therefore rendered judgment in favor of claimant for $500.00 for Bossier's violation of La.R.S. 23:1163.
On appeal, a five-judge panel of the third circuit court of appeal, in a 3-2 decision, affirmed the Hearing Officer's decision on the issue of prescription, but reversed on the merits. The court of appeal, while noting that La.R.S. 23:1163 is a criminal provision, nevertheless held that claimant could recover the $500.00 fine prescribed by La.R.S. 23:1163 from Bossier in this worker's compensation suit. The court of appeal further held that Bossier and Reliance are not solidary obligors, and that Bossier's violation of La.R.S. 23:1163 prevented Bossier from claiming a credit for the benefits paid to claimant by Reliance. The court of appeal therefore held Bossier is still liable for the entire amount of claimant's compensation benefits from the date of claimant's accident. Chevalier v. L.H. Bossier, 94-1537 (La.App. 3rd Cir. 7/12/95), 663 So.2d 70. We granted writs to determine the correctness of the court of appeal's decision. Chevalier v. L.H. Bossier, Inc., 95-2075 (La. 11/27/95), 664 So.2d 406.

DISCUSSION
La.R.S. 23:1209, at the time of claimant's accident,[2] provided that all claims for compensation for personal injury are forever barred unless the parties have either agreed upon the payments to be made or a formal claim has been filed with the Office of Worker's Compensation within one year of the date of accident. However, La.R.S. 23:1209 further provides that where any such compensation payments have been made, the one year limitation shall not take effect until one year after the date of the last payment. As previously noted, claimant was injured on November 26, 1985, and did not file the present claim against Bossier until May of 1993, more than seven years after the date of his accident. However, Reliance commenced benefit payments to claimant within one year of the date of his accident, has continued to make benefit payments to claimant since that time and, in fact, was still paying claimant's benefits at the time of the filing of this claim. Though these facts would normally implicate resolution of the issue of prescription and, indeed, the parties herein have briefed and argued the prescription issue in this Court, our determination that claimant has no cause of action against Bossier for recovery of benefits makes it unnecessary for us to address the issue.[3]
*1076 La.R.S. 23:1163 makes it unlawful for an employer to require or even allow an employee to contribute, directly or indirectly, the cost of his worker's compensation coverage. La.R.S. 23:1163, a proscriptive measure, has effect whether or not an injury has occurred to an employee, and nothing therein explicitly provides an aggrieved employee a private cause of action or a private remedy for an employer's violation of the statute, nor does it provide what such a remedy would consist of. Instead, a violation of La.R.S. 23:1163 subjects the employer to criminal penalties, i.e., a fine of not more than $500.00, or imprisonment for not more than one year, or both. As a violation of La.R.S. 23:1163 may result in a loss of liberty, the statute is clearly a criminal provision.[4]See State v. Page, 332 So.2d 427 (La.1976) (This court, relying on fact that no loss of liberty, incarceration, or fine could result, found petition filed by district attorney to revoke driver's license pursuant to Motor Vehicle Habitual Offender Law, La.R.S. 32:1471, to be a civil matter).
Further, because La.R.S. 23:1163 is a criminal statute, the rule of lenity requires strict construction of both the substantive ambit of the statute and the penalty provisions contained therein. See State v. Piazza, 596 So.2d 817, 820 (La.1992) ("The rule of lenity applies not only to interpretations of the substantive ambit of criminal laws, but also to the penalties imposed by those laws."). As previously noted, nothing in La. R.S. 23:1163 explicitly provides a worker's compensation claimant with a private cause of action or remedy for an employer's violation of the statute, even though the legislature is certainly capable of providing for both criminal sanctions and civil penalties and/or remedies in a single statute. See, e.g., La. R.S. 23:1208(A)-(F) (providing for criminal sanctions, civil penalties, and a civil remedy in the form of a forfeiture of benefits by the employee which accrues in the employer's favor where misrepresentations concerning benefit payments are made). Moreover, under the rule of lenity, where a penalty provision is ambiguous or there is an absence of clearly expressed legislative intent, courts must resolve any doubt or ambiguity in favor of lenity and the most narrow application of the statute. See, e.g., State v. Carouthers, 618 So.2d 880, 882 (La.1993). In the instant case, La.R.S. 23:1163 clearly and explicitly provides that a violation of the statute shall result in a fine of not more than $500.00, imprisonment for not more than one year, or both. Therefore, while, in our view, there is neither any doubt about the legislature's intent in prescribing the penalty for violation of the statute nor any ambiguity in the penalty provision itself, even if there were, the rule of lenity would prohibit our implying the additional penalty of a cause of action for an employee to recover full benefits solely on the basis of a violation of the statute. Finally, all crimes in Louisiana are statutory, and courts are neither empowered to define or create crimes nor define or create penalties for such crimes. See State v. All Pro Paint & Body Shop, 93-1316, p. 5 (La. 7/05/94) 639 So.2d 707, 711. As such, Bossier's violation of La.R.S. 23:1163, a criminal provision containing a clear and explicit penalty provision, provides no basis, in and of itself, for recovery by claimant of compensation benefits from Bossier for its violation of the statute. See Laird v. Travelers Ins. Co., 263 La. 199, 267 So.2d 714 (1972) (quoting Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1971) "`Criminal statutes are not, in and of themselves, definitive of civil liability' and do not set the rule for civil liability; but they may be guidelines for the court in fixing civil liability."). Therefore, while Bossier admittedly violated La.R.S. 23:1163, claimant's remedy, if any, must obtain under either the worker's compensation laws or general tort law.
*1077 In this regard, nothing in the worker's compensation law, La.R.S. 23:1021, et seq., or general tort law compels or even countenances payment of full benefits by an employer who has violated La.R.S. 23:1163 where, as in the instant case, the claimant has been receiving and is still receiving all of the compensation benefits to which he is entitled from his employer's compensation insurer. Bossier and Reliance, as employer and employer's insurer, respectively, are liable to claimant in solido for his compensation benefits under the only worker's compensation policy at issue in this case, the policy issued by Reliance to Bossier. See La.R.S. 23:1162 ("No policy of insurance against liability under this Chapter shall be made unless the policy covers the entire liability of the employer...."); Cline v. Pacific Marine Ins. Co., 619 So.2d 1256, 1260 (La.App. 3rd Cir.), writ denied, 625 So.2d 1045 (La.1993); La.C.C. arts. 1794, 1797. As the lower courts found, because claimant is a covered independent contractor under La.R.S. 23:1021(6), Bossier is statutorily liable to claimant for worker's compensation benefits for injuries sustained and the disability which resulted from his accident. Reliance, as Bossier's worker's compensation insurer, is also liable to claimant for the same injuries and disability under the worker's compensation policy it issued to Bossier. As such, the fact that claimant actually paid the premiums for his coverage under the policy through Bossier's wrongful deduction of such premiums from his paycheck does not alter the fact that Reliance, in any event, is solidarily obligated with Bossier under the only worker's compensation policy at issue in this case, the policy issued by Reliance to Bossier. Because Reliance, as Bossier's insurer, has paid and is still paying claimant all benefits to which he is entitled, Bossier has been relieved of its obligation to claimant and claimant cannot now recover compensation benefits from Bossier in addition to those he has recovered and is still recovering from Reliance. "A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee." La.C.C. art. 1794. However, as the Hearing Officer noted, Bossier's admitted violation of La.R.S. 23:1163 may, in a separate non-worker's compensation civil suit, provide a basis for recovery by claimant from Bossier of the amounts deducted from his paycheck for the cost of his coverage, plus legal interest.

CONCLUSION
Because La.R.S. 23:1163 is a criminal provision and neither that statute, the worker's compensation law, nor general tort law provide a basis for claimant's recovery of benefits from his employer where the employer's insurer, a solidary obligor, has already paid and is still paying claimant all benefits to which he is entitled, claimant has no cause of action against Bossier for recovery of such benefits. We therefore reverse the court of appeal's award of full benefits to claimant from Bossier.
DECREE
REVERSED.
NOTES
[*] Because of the vacancy created by the resignation of Dennis, J., now a judge on the United States Court of Appeals for the Fifth Circuit, there was no justice designated "not on panel" under Rule IV, Part II, § 3. Panel included Chief Justice Calogero and Justices Marcus, Watson, Lemmon, Kimball, Johnson and Victory.
[1] A worker's compensation claimant's entitlement to worker's compensation benefits is governed by the law in effect at the time of his accident. Daugherty v. Domino's Pizza and Zurich American Insurance Company, 95-1394, p. 6 n. 4 (La. 5/21/96), 674 So.2d 947. At the time of claimant's accident, La.R.S. 23:1163 provided:

It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee's wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employers own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.
Nothing herein shall be construed to prevent any employer from carrying his own insurance towards his own employees; nothing herein shall apply to an employer qualified under the laws of this State to engage in the liability insurance business.
Whoever violates any provision of this Section shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both.
[2] At the time of claimant's accident, La.R.S. 23:1209 provided, in pertinent part:

In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
[3] See La.Code Civ.Proc. art. 927(B) ("The nonjoinder of a party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion."); G.I. Joe, Inc. v. Chevron U.S.A., Inc., 561 So.2d 62, 64 (La.1990) ("We note the right of this Court to raise sua sponte the exception of no cause of action when neither party presents the issue."); Avegno v. Byrd, 377 So.2d 268, 269 (La.1979) (holding La.Code Civ.Proc. art. 927(B) applies to this Court).
[4] We note claimant's concession as to this issue in his brief filed in this Court. However, as Bossier did not appeal the Hearing Officer's penalty award in the court of appeal, we need not address herein the correctness of such an award.