STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 04-854


DON R. YOUNG

VERSUS

GULF COAST CARPETS


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 01-02483
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billie Colombaro Woodard, Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

Amy, J., concurs in part and dissents in part and assigns written reasons.


**AFFIRMED AS AMENDED; REVERSED IN PART AND RENDERED.**


**Marcus Miller Zimmerman**
**Attorney at Law**
**P. O. Box 6297**
**Lake Charles, LA 70606**
**(337) 474-1644**
**Counsel for: Plaintiff/Appellee**
**Don R. Young**

**Mark Alfred Ackal**
**Attorney at Law**
**P. O. Box 52045**
**Lafayette, LA 70505**
**(337) 237-5500**
**Counsel for: Defendant/Appellant**
**Gulf Coast Carpets**

**EZELL, JUDGE.**

This workers' compensation case presents questions of the calculation of the average weekly wage of an independent contractor, the reliance of Louisiana United Business Association Self Insurer's Fund (LUBA) on tax returns to determine business expenses, the denial of a fifty percent increase in weekly indemnity benefits pursuant to La.R.S. 23:1171.2, and penalties and attorney fees.

## FACTS

The facts concerning the accident are not in dispute. Don Young was an independent carpet installer. He injured his lower back on February 4, 1998, while attempting to move a piano, resulting in a temporary total disability. At the time of the accident, Young was installing carpet for Gulf Coast Carpets. Young was covered for workers' compensation claims pursuant to a self-insurance agreement issued to Gulf Coast Carpets by LUBA. Young received $350 a week in indemnity benefits from February 4, 1998, through January 24, 2001, at which time they were terminated.

In January 2000, a new claims adjuster had been assigned to the case. Jody Jacobson testified that she recognized there was a problem when she was assigned the file. Young's 1997 tax records indicated that he had zero earnings. In October 2000, Young's deposition was taken. Subsequently, in January 2001, LUBA filed a claim with the Office of Workers' Compensation asking for a credit claiming that there had been an overpayment of benefits because business expenses had not been deducted when determining the amount of benefit payments. LUBA claimed that Young's benefit payments had been based on the maximum compensation rate of $350 when the payments should have been based on the minimum compensation rate of $93. LUBA filed a claim asking for a credit for benefit overpayment in the amount of

1

$39,578, which terminated Young's benefits.

On April 12, 2001, Young filed a disputed claim for compensation challenging the wage rate determination and seeking penalties and attorney fees. A trial on the matter was held on June 30 and July 16, 2003. Judgment was entered on March 8, 2004, finding that Young's work was predominately physical labor and that his average weekly wage was $524.61, and, therefore, his proper indemnity rate is $349.76. Young's claim for a fifty percent increase in weekly indemnity benefits pursuant to La.R.S. 23:1171.2 was denied in addition to his claim for penalties due to LUBA paying the wrong indemnity rate for the first three weeks after the accident. However, the trial court did find that LUBA's discontinuance of weekly benefits was arbitrary and capricious and awarded penalties and attorney fees.

Gulf Coast Carpets appealed the judgment. Young answered the appeal.

### CALCULATION OF AVERAGE WEEKLY WAGE

Both parties agree that Young's wage rate is to be determined according to La.R.S. 23:1021(10)(d). In *Edwards v. Delta Timber Company*, 94-725 (La.App. 3 Cir. 12/7/94), 647 So.2d 548, this court, citing jurisprudence, recognized that an employee's expenses are deducted from his gross earnings if the employee supplies his own equipment or helpers. This court explained that the purpose is "to exclude any return on capital in the determination of worker's compensation benefits." *Id.* at 550. This court then explained two methods of calculating "other wages" as follows:

$$\text{Wages} = \frac{\text{Gross Earnings - Expenses}}{\text{Actual \# of Days Worked}} \times 4$$

and

2

Wages = Gross Earnings - Expenses

÷

# of Weeks Worked

Gulf Coast Carpets' main complaint about the workers' compensation judge's wage rate determination is the amount of business expenses that she used in computing Young's gross earnings. Gulf Coast Carpets argues that the workers' compensation judge should have used the business expense figures listed in his 1997 and 1998 tax returns.

Young's 1997 tax returns showed an income of $21,042. Business expenses were listed as a total of $24,133, for a loss of $3,091. Young's 1998 tax returns, the year he was injured, showed business income of $1,187 and listed total expenses of $852 for net earnings of $335.

Young testified that he depended on his tax preparer to determine his taxes. When questioned in his deposition about the particular expenses, Young was uncertain of their nature and explained that he did not have much knowledge about taxes. Young did testify at trial about the expenses he knew he incurred in his business. Gas was about $75 a week with tires costing $200 a year. He changed the spark plugs on his van about once a year, which cost $16. Young spent another $200 a year on repairs to his van. Young paid anyone who helped him about ten percent of the job cost.

In making her decision, the workers' compensation judge chose to credit the testimony of Young himself over the income tax returns. We do not find that this decision was unreasonable given the fact that the workers' compensation judge obviously found Young's testimony credible regarding his business expense situation. Gulf Coast Carpets would have this court force Young to live by the expenses listed

3

in tax returns. We find no manifest error in the workers' compensation judge's decision to credit the testimony of Young as to his actual work expenses. *See Cornish v. State, Dept. of Transp. and Dev.*, 93-194 (La.App. 1 Cir. 12/1/94), 647 So.2d 1170, *writ denied*, 95-547, 95-574 (La. 5/5/95), 654 So.2d 324.

Gulf Coast Carpets also complains that the trial court did not use the prevailing wage method in calculating the average weekly wage. It claims that using the prevailing wage rate, the court could use the ten percent figure that Young testified he paid his brother for his services. However, no evidence or arguments concerning the prevailing wage method was ever presented to the workers' compensation judge for her consideration. Therefore, we need not address this issue on appeal. *Dean v. Southmark Const.*, 03-1051 (La. 7/6/04), 879 So.2d 112. Even if we were to consider it, we find that testimony concerning what Young paid his brother when he helped is insufficient to establish the prevailing wage method.

Gulf Coast Carpets also complains that the workers' compensation judge did not consider certain expenses when calculating the average weekly wage. We note that there was testimony that Young would charge supplies needed on an account that Gulf Coast Carpets had at a local store. Gulf Coast Carpets would then deduct these expenses from Young's paycheck. Although we have the cash disbursements journal from the twenty-six week period prior to the accident that was introduced into evidence showing the income and the debits that were made, we cannot tell which debits represent supplies. There was neither testimony on this matter nor any invoices supporting the amounts. Therefore, we find that the trial court was correct in not including these expenses.

There was also the matter of deductions for workers' compensation insurance expenses. Louisiana Revised Statutes 23:1021(6) provides that an independent

4

contractor who spends a substantial amount of his time in manual labor is covered by the Workers' Compensation Act. *Chevalier v. L.H. Bossier, Inc.*, 95-2075 (La. 7/2/96), 676 So.2d 1072. This means that Gulf Coast Carpets was responsible for securing workers' compensation coverage at its cost. *Id.*

Gulf Coast Carpets would also have this court apply the amendment to La.R.S. 23:1163(B) by Acts 2004, No. 416, § 1, which added the language:

> or to reduce payments to the independent contractor for coverage of the independent contractor or his employees pursuant to a contract, nor shall it be a violation of this Section if a principal has agreed to provide workers' compensation insurance to all contractors working under a contract with the principal and for the cost of this coverage to be a consideration in the contract between the principal and the contractors.

Section Two of the Act provided that it was to become effective upon signature of the governor.

Louisiana Civil Code Article 6 provides that, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." "'Substantive laws,' for purposes of determining whether a law should be applied retroactively, are those which establish new rules, rights, and duties, or change existing ones." *Landry v. Avondale Indus., Inc.*, 03-719, 03-993, 03-1002, p.6 (La. 12/3/03), 864 So.2d 117,123 (quoting *Anderson v. Avondale Ind.* 00-2799, p.3 (La. 10/16/01), 798 So.2d 93, 97).

As is clear from *Chevalier*, 676 So.2d 1072, an independent contractor was entitled to workers' compensation coverage at the principal's cost. We find that the 2004 amendment is substantive in nature and should be applied prospectively only and Young is not responsible for workers' compensation insurance premiums.

In the workers' compensation judge's determination of the average weekly wage, Gulf Coast Carpets also complains about her method of calculation for the

5

average number of days worked. Since *Edwards*, 647 So.2d 548, La.R.S. 23:1021(10)(d) was amended to provide that the worker's average daily wage is to be "multiplied by the average number of days worked per week." Acts 1997, No. 423. There is no dispute that Young worked sixty days during the previous twenty-six week period. However, Young only worked nineteen weeks out of the twenty-six week period. Nothing in La.R.S. 23:1021(10)(d) provides guidance as to how the average number of days worked per week is to be determined, but it does contemplate that a worker may work less than the twenty-six weeks. Therefore, one can assume that the legislature intended that use of the actual number of weeks worked versus twenty-six weeks would produce the actual average days worked versus a lower number that would not represent the true average number of days worked. Therefore, we find the workers' compensation judge's determination that the average number of days worked by Young was 3.16 was reasonable. *See Roan v. Apache Chemical Transporters*, 37,671 (La.App. 2 Cir. 9/24/03), 855 So.2d 920.

However, in reviewing the calculation of Young's indemnity rate we did notice a mistake. It appears that everyone failed to recognize that the amount used to calculate the average daily wage from the cash disbursement journal, $12,084.58 already included the workers' compensation premiums which were deducted from Young's actual check. When adding the checks on the vendor ledger that correspond to the twenty-six week period prior to Young's accident, the checks total the amount of $9,022.61.[1] This is obviously a lesser amount. In reviewing the cash disbursements journal there are usually two to three credit entries. One entry always

_____

[1] On the ledger showing the checks issued to Young, we did notice that check number 7524 was not included, but it was listed on the cash disbursements journal. We, therefore, added the amount of this check, $137.88, to the total amount listed on the vendor's ledger to determine the amount Young actually received in the twenty-six weeks before the accident.

6

corresponds to the amount of the check that Young received.

John Fontenot, owner of Gulf Coast Carpets, testified that he would calculate the workers' compensation premium for Young by taking 9.15 percent of two-thirds of the payment owed to Young for jobs he did for Gulf Coast Carpets during a week. This amount would be deducted from the check issued to Young. Fontenot would also deduct any charges made at a local store by Young on Fontenot's account for supplies he needed for the jobs. When applying the formula that Gulf Coast Carpets used to calculate workers' compensation insurance premiums, we observe that one of the credit amounts on the cash disbursement journal corresponds to this amount. We recognize that the other amount is probably deductions for supplies expenses as testified to by Fontenot. However, as we stated earlier we cannot be sure that all these amounts were strictly for supplies since there was no testimony or evidence as to the exact amount charged at the store. Therefore, we find that there was no need for the workers' compensation judge to add an amount for workers' compensation insurance premiums because the $12,084.58 amount used to calculate the average daily wage included the amount representing workers' compensation premiums. The calculation would then be as follows: $12,084.58 ÷ 60 = 201.40 (average daily wage); $201.40 x 3.16 = $636.42 (weekly gross wage) - $83.00 (weekly expenses) - $63.64 (Leroy Young's wages, 10% of the gross amount of the weekly wage) = $489.78 (average weekly wage) x .6667 = $326.53.

We, therefore, find that the judgment stands that Gulf Coast Carpets is entitled to a credit for any overpayment of indemnity benefits made prior to the date of termination. However, the amount has changed, and it now equals the difference between $350 a week that was paid and $326.53 that was owed, which is $23.47.

7

## LOUISIANA REVISED STATUTES 23:1171.2

In his answer to the appeal, Young claims that the workers' compensation judge erred in failing to apply La.R.S. 23:1171.2 against Gulf Coast Carpets for its failure to secure workers' compensation insurance at its cost on Young's behalf. Louisiana Revised Statute 23:1171.2 provides for a fifty percent increase in the amount of weekly compensation when the employer has failed to provide security for compensation as provided by La.R.S. 23:1168.

Gulf Coast Carpets was statutorily liable to Young for workers' compensation benefits since he was a covered independent contractor under La.R.S. 23:1021(6). *See Chevalier*, 676 So.2d 1072. Gulf Coast Carpets did secure workers' compensation for Young, but at Young's cost. We agree with the first circuit in *Hurt v. Superior Cable Installation, Inc.*, 99-2982 (La.App. 1 Cir. 5/12/00), 762 So.2d 705, *writ not considered*, 00-1950 (La. 9/29/00), 769 So.2d 549, that this alleged wrongdoing was a violation of La.R.S. 23:1163, not La.R.S. 23:1168.

It is La.R.S. 23:1163 that addresses Young's concern in this case which "makes it *unlawful* for an employer to require or even allow an employee to contribute, directly or indirectly, the cost of his workers' compensation coverage." *Chevalier*, 676 So.2d at 1076(emphasis in original). The supreme court recognized that nothing in La.R.S. 23:1163 provides an aggrieved employee with a private cause of action or a private remedy when an employer violates the statute. *Id.* The supreme court observed that La.R.S. 23:1163 was a criminal provision, the violation of which subjected the employer to a criminal penalty. Therefore, as observed in *Chevalier*, Young's remedy for the wrongful deduction of workers' compensation benefits lies in a separate non-workers' compensation civil suit.

8

**PENALTIES**

Young also claims the workers' compensation judge erred in failing to award penalties pursuant to La.R.S. 23:1201(F) because the first five indemnity checks that he received after the accident were based on minimum wage and not the correct wage rate. While raised by Young at the trial level, oral reasons for judgment and the written judgment fail to make any mention about the issue of penalties for late payment of benefits. Therefore, we assume this issue was denied by the workers' compensation judge. *Chesne v. Elevated Tank Applicators, Inc.*, 04-46 (La.App. 3 Cir. 5/12/04), 874 So.2d 333.

"[P]enalties should be assessed against defendants unless the employer or insurer reasonably controverted [the worker's] right to the benefits or the violations resulted from conditions over which the employer or insurer had no control." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p.11 (La. 12/1/98), 721 So.2d 885, 891.

Young received the following payments: (1) $137.34 on February 13, 1998, (2) $274.68 on February 27, 1998, (3) $274.68 on March 13, 1998, and (4) $1,063.30 on March 18, 1998. The payments of February 27 and March 13 each represent two weeks of payments at the incorrect rate. Thereafter, he received $350 on a weekly basis.

At trial, the adjuster testified that the average weekly wage was originally calculated using minimum wage as the basis because the adjuster handling the case at the time did not have any wage records from the employer when the first indemnity payment was issued. We do not find this a reasonable basis for paying the incorrect wage rate. The evidence in the record indicates that Gulf Coast Carpets kept accurate computer records of each job that Young performed for them and that these records were up-to-date. There is no valid excuse for the adjuster's failure in timely obtaining

9

these records to ensure that Young received the proper indemnity benefit. We agree that a penalty award is appropriate.

At the time of Young's injury, La.R.S. 23:1201(F) provided, in pertinent part:

> Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner . . . .

In *Fontenot v. Reddell Vidrine Water District.*, 02-439, 02-442, 02-478, p.6 (La. 1/14/03), 836 So.2d 14, 19, *rehearing granted on other grounds*, 02-442, 02-478 (La. 4/21/03), 851 So.2d 917, the supreme court reiterated the well-known precept that "[a]wards of penalties in workers' compensation cases are essentially penal in nature, being imposed to discourage indifference and the undesirable conduct of employers and insurers." The supreme court then agreed with this court's decision that La.R.S. 23:1201(F) provides for multiple penalties for multiple violations of compensation and medical benefits claims. *See Fontenot v. Reddell Vidrine Water Dist.*, 01-26 (La.App. 3 Cir. 1/9/02), 805 So.2d 233, (on rehearing en banc).

We have determined that Young's correct indemnity benefit is $326.53. In this case the greater of the penalties is obviously the fifty-dollar-a-day penalty. Young was injured on February 4, 1998, and the first payment was made on February 13, 1998. Although the payment was made within the fourteen days that Gulf Coast Carpets had knowledge of his injury, the payment made on March 18, 1998, to correct the wrong amount originally paid was late. La.R.S. 23:1201(B). Therefore, the correcting payment was thirty-three days late, resulting in a penalty of $1,650.

The second inaccurate payment was issued on February 27, 1998, and represented two weeks of payments based on the erroneous calculation. The first week of this payment was due on February 20, so it was already seven days late in addition to the fact that the corrected payment was not issued until nineteen days later, resulting in the benefit payment being a total of twenty-six days late. This results in a penalty of $1,300. The other week represented in this payment was timely paid for the benefit payment it represented. However, the correcting payment for the erroneous calculation was paid nineteen days after it was due, resulting in a $950 penalty.

The final inaccurate payment was made on March 13, once again representing two weeks of benefits. The payment for the first week was due on March 6, so it was seven days late in addition to the correcting payment, which was five days late. This results in a penalty of $600. The corrected payment was issued five days after the payment representing the second week of indemnity payments was due, resulting in a $250 penalty. Therefore, we find that Young is entitled to a total penalty of $4,750.

**ATTORNEY FEES**

Gulf Coast Carpets also claims as error the workers' compensation judge's determination that the adjuster was arbitrary and capricious in relying on Young's tax returns when benefits were terminated. As a violation of La.R.S. 23:1201.2,[2] the workers' compensation judge awarded attorney fees in the amount of $6,500 to Young.

A workers' compensation judge's determination that an award of attorney fees is appropriate is a question of fact which subjects it to the manifest error standard of review. *Albertson's, Inc. v. Moulds*, 02-753 (La.App. 3 Cir. 12/30/02), 834 So.2d

---

[2]Louisiana Revised Statute 23:1201.2 was repealed by Acts 2003, No.1204, § 2, and the substance is now included in La.R.S. 23:1201 (F).

11

1252, *writ denied*, 03-280 (La. 4/4/03), 840 So.2d 1217. The inquiry is whether the employer or insurer acted arbitrarily or capriciously and without probable cause in discontinuing the payment of compensation benefits so as to warrant imposition of attorney fees under La.R.S. 23:1201.2. *Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99), 737 So.2d 41. "Arbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation. *Brown*, 721 So.2d at 890 (*citing* BLACK'S LAW DICTIONARY 104, 211 (6 ed. 1990)).

Gulf Coast Carpets claims that in addition to utilizing the tax returns to terminate Young's benefits, the adjuster also referred to Young's deposition. However, we agree with the workers' compensation judge that the adjuster's actions were arbitrary and capricious. Young's deposition clearly indicated that his expenses were not accurately reflected on his income tax return. He was a man with a seventh grade education relying on his tax preparer. We cannot say that the workers' compensation judge's determination that the adjuster acted arbitrarily and capriciously when she terminated Young's benefits was error and affirm the award of attorney fees.

In his answer, Young has also requested an increase in attorney fees for work done on this appeal. "An award for attorney fees for work done on appeal is warranted when the appeal has necessitated additional work on the attorney's part." *Colonial Nursing Home v. Bradford*, 02-588, p.12 (La.App. 3 Cir. 12/30/02), 834 So.2d 1262, 1272, *writ denied*, 03-364 (La. 4/21/03), 841 So.2d 802.

Since we did not decrease the amount of compensation benefits as a result of increased expenses, but instead reduced the amount because the total income figure for the twenty-six week period did include the workers' compensation premium

12

amounts before they were deducted, we find that Young is entitled to additional attorney fees for the work done on appeal. He was successful on appeal on all other matters. We award an additional $2,500 in attorney fees for work done on this appeal.

For the reasons set forth in this opinion, we amend the award of the Office of Workers' Compensation and find that the credit that Gulf Coast Carpets is entitled to is $23.47, the difference between what was paid, $350, and what was owed, $326.53. We reverse the finding that Don Young was not entitled to penalties for late payments on his first five benefit payments and award a total of $4,750 in penalties. We also award Don Young an additional $2,500 in attorney's fees for work done on appeal.

**AFFIRMED AS AMENDED; REVERSED IN PART AND RENDERED.**

NUMBER 04-854

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

DON R. YOUNG

VERSUS

GULF COAST CARPETS

AMY, J., concurring in part, dissenting in part.

I respectfully dissent from that portion of the majority opinion that recognizes the double inclusion of the compensation benefits premiums in the calculation of the claimant's wages. As the issue was not raised by the parties, it is, in my opinion, final and not before the court. In all other aspects of the opinion, I concur.