693 So.2d 847 (1997)
Alvin J. ELLIOTT, PlaintiffAppellee,
v.
OMSI, Defendant-Appellant.
No. 97-71.
Court of Appeal of Louisiana, Third Circuit.
April 30, 1997.
Rehearing Denied June 10, 1997.
*848 Robert Lawrence Beck, Jr., Alexandria, for Alvin J. Elliott.
James Huey Gibson, Lafayette, for OMSI.
Before SAUNDERS, WOODARD and AMY, JJ.
SAUNDERS, Judge.
From an adverse ruling awarding workers' compensation benefits, an employer appeals, maintaining that the hearing officer erred. In its view, no "accident" occurred within the contemplation of La.R.S. 23:1021. We affirm.
Claimant filed his Form 1008 on May 30, 1995, complaining that he had become disabled by injury on June 7, 1994. The basis of his complaint included allegedly disabling left arm and shoulder injuries and carpal tunnel syndrome, the latter of which was diagnosed by claimant's treating physician without contradiction.
The matter was tried on the briefs and the record, which shows: the injuries relating to claimant's shoulder constituted an aggravation of a pre-existing injury sustained on or about May 31, 1987, while claimant worked for Labortron, Inc., almost three years before claimant began working for the defendant in these proceedings; but that claimant's carpal tunnel syndrome did not arise until after he became employed by OMSI and while working in the course and scope of his employment there.
After reviewing the record, the hearing officer concluded that claimant was entitled to wage and medical benefits due to the aggravation of his pre-existing shoulder injury and for the new carpal tunnel syndrome.
The basis of defendant's appeal is that claimant could not relate his disability to any particular "accident" as defined by La.R.S. 23:1021(1):
Sec. 1021. Terms defined
As used in this Chapter, unless the context clearly indicates otherwise, the following terms shall be given the meaning ascribed to them in this Section:
(1) "Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.

*849 Acts 1989, No. 454 § 1, effective January 1, 1990.
With respect to claimant's shoulder injuries, there is no question but that the record supports defendant's factual allegation; indeed, supported by the record, the hearing officer explicitly noted that "Claimant failed to identify any specific event at OMSI that caused the shoulder problems and the carpal tunnel syndrome."
However, defendant overlooks the fact that claimant's carpal tunnel syndrome, undoubtedly contracted during his employment with defendant, constitutes a compensable occupational disease under La.R.S. 23:1031.1:
Sec. 1031.1. Occupational disease
A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.
(Emphasis ours).
In this case, there is no credible evidence whatsoever to suggest that claimant contracted his carpal tunnel syndrome before his employment with defendant.[1] Additionally, the record shows that claimant's position with OMSI required manual strength and dexterity, both of which were lost to claimant's carpal tunnel syndrome, resulting in claimant's disability. Cf. Jones v. AT & T, 28059 (La.App. 2 Cir. 2/28/96); 669 So.2d 696, cited by defendant, where the claimant failed to show by a preponderance that the occupational affliction caused the disability.
Having affirmed the judgment of the hearing officer awarding claimant wage and medical benefits on the basis of his carpal tunnel syndrome, we next address whether defendant should be held liable for the aggravation of claimant's pre-existing shoulder injuries whose latent symptoms reappeared as a consequence of claimant's affiliation with his employer. Because claimant's medical expenses arising from his shoulder injuries are related to an accident which occurred while he was employed by defendant, we conclude that they are:
The employer has a duty to furnish medical expenses to the injured employee. LSA-R.S. 23:1203. The right to medical expenses is separate and distinct from the right to compensation. Therefore, an employee may recover medical expenses even though there is no recovery for compensation. Young v. Hercules, 451 So.2d 109 (La.App. 3rd Cir.1984). Butts v. Insurance Co. of North America, 352 So.2d 745 (La.App. 3rd Cir.1977), writ denied 354 So.2d 206 (La.1978). Medical expenses are owed only if the injury is work-related. Broussard v. Grey Wolf Drilling Co., 562 So.2d 1006 (La.App. 3rd Cir.1990).
Ridlen v. St. Charles Manor Nursing Center, 94-275, p. 4 (La.App. 5 Cir. 10/12/94); 644 *850 So.2d 244, 247, writ denied, 94-3095 (La.2/3/95); 649 So.2d 410.
Accordingly, for the reasons stated above, the judgment of the hearing officer is affirmed, at defendant's costs.
AFFIRMED.
AMY, J., concurs in part and dissents in part and assigns reasons.
AMY, Judge, concurring in part, dissenting in part.
I respectfully dissent from the majority opinion with regard to the award of benefits for the claimant's shoulder and arm injuries. While these pre-existing injuries may have been gradually aggravated by the repetitious nature of the claimant's work, in my opinion this aggravation was not caused by an "accident" as that term is defined at La.R.S. 23:1021(1). Therefore, it is not a covered injury under the worker's compensation law.
However, I concur with the majority as their opinion relates to medical benefits for the claimant's carpal tunnel syndrome. I agree that this condition is compensable because it is defined as an occupational disease under La.R.S. 23:1031.1 and that the claimant has proven that the occurrence of carpal tunnel syndrome was work-related.
Accordingly, I respectfully concur in part and dissent in part from the majority opinion.
NOTES
[1] Moreover, we observe that it is clear from the record that the statutory presumption that claimant did not contract the carpal tunnel syndrome on the job, applicable to recent hires, did not apply to claimant:

D. Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-occupational and not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by an overwhelming preponderance of evidence.
La.R.S. 23:1031.1(D)(emphasis added).