759 So.2d 1007 (2000)
Charlynn BAKER, Plaintiff-Appellee,
v.
LIBBEY GLASS, INC., Defendant-Appellant.
No. 32,748-WCA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 2000.
*1010 Eskridge E. Smith, Jr., Bossier City, Counsel for Appellant.
James E. Franklin, Jr., Shreveport, Counsel for Appellee.
Before WILLIAMS, STEWART, GASKINS, PEATROSS and KOSTELKA, JJ.
WILLIAMS, Judge.
In this workers' compensation matter, the employer, Libbey Glass, Inc., appeals a judgment awarding supplemental earnings benefits, penalties and attorney fees to the claimant, Charlynn Baker. The claimant answered the appeal, alleging that the workers' compensation judge erred in finding that claimant failed to prove a compensable mental injury and in refusing to award temporary total disability benefits. Claimant also seeks additional penalties and attorney fees. For the following reasons, we reverse in part, amend and affirm as amended.

FACTS
On April 2, 1996, while working as an employee of the defendant, Libbey Glass, Inc. ("Libbey"), the claimant, Charlynn Baker, was injured when a forklift rolled over her right foot, causing a "crush" injury and fracturing her right ankle. The parties have stipulated that the claimant was injured in a work-related accident. Initially, the claimant was treated at the Willis-Knighton Hospital emergency room by Dr. Lewis Jones, an orthopedic surgeon. The claimant requested to see another physician and signed a form choosing Dr. Clinton McAlister as her orthopedic surgeon.
During treatment, Dr. McAlister noted satisfactory healing of the claimant's injuries. On December 11, 1996, Dr. McAlister released claimant to return to work in a sedentary job in the guard house of Libbey. The claimant did not report to work, stating that she continued to feel pain. Claimant was referred to Dr. James Lillich, an orthopedic surgeon, who took her off work in order to complete a physical therapy regimen. On January 30, 1997, Dr. Lillich released claimant to work in the sedentary guard house position, which would allow her to elevate her foot and continue with physical therapy. Libbey sent written notice of the job to the claimant, who again failed to report for work.
Libbey paid workers' compensation benefits to the claimant in the amount of $249.60 per week from April 1996 through December 12, 1996, when she was released for light-duty work. Libbey paid additional workers' compensation benefits for the period of January 17-29, 1997, when claimant was participating in treatment prescribed by Dr. Lillich. Thereafter, the claimant applied for and received weekly disability payments of $220 for six months under Libbey's employee group health plan.
In January 1997, the claimant visited the office of Dr. Joe B. Hayes, a psychiatrist, and was initially interviewed by his assistant. After reviewing the claimant's history, but without having seen her, Dr. Hayes opined that the claimant was disabled from performing any work. The claimant continued to complain of pain in her right foot and was referred to Dr. Ross Nelson for pain management treatment. Dr. Nelson recommended a lumbar sympathetic nerve block. The procedure was approved by the defendant, but the claimant declined to *1011 undergo the suggested treatment on the date scheduled in February 1997.
Later that year, the claimant requested pain management with Dr. Donna Holder and the defendant again approved a change of treating physician. In March 1998, the claimant was seen by Dr. Holder, who performed a series of lumbar sympathetic nerve blocks to treat claimant's pain. In a report, Dr. Holder opined that the claimant should not "return to her previous work environment" because of substantial pain.
In July 1997, the claimant filed a disputed claim for workers' compensation benefits. After a hearing, the workers' compensation judge ("WCJ") concluded, on the basis of orthopedic evaluations, that the claimant was physically able to perform the job offered by defendant. However, the WCJ found that claimant had proven by clear and convincing evidence that she suffers from reflex sympathetic dystrophy, a neurological disability, and that the claimant was unable to return to the job at Libbey because of substantial pain. Based on these findings, the WCJ concluded that claimant was not entitled to temporary total disability benefits, but was entitled to supplemental earnings benefits ("SEB"), because she was unable to earn 90% of her pre-injury wages.
The WCJ declined to award the claimant compensation for her alleged mental injury resulting from the work accident, finding that claimant failed to provide clear and convincing evidence of such an injury. The WCJ found that the defendant had acted arbitrarily in failing to pay non-reimbursed pharmacy bills and mileage, and assessed a penalty of $2,000 and attorney fees of $3,000. The WCJ denied the claim for penalties and attorney fees for defendant's failure to pay compensation benefits.
The defendant appeals the award of SEB and the assessment of penalties and attorney fees. The claimant answered the appeal, contending that the WCJ erred in denying the claim for temporary total disability payments, in finding that the evidence failed to show a compensable mental injury and in denying additional penalties and attorney fees.

DISCUSSION
The claimant contends the WCJ erred in finding that she was not entitled to temporary total disability ("TTD") benefits. An employee seeking TTD benefits must prove by clear and convincing evidence that she is physically unable to engage in any employment, regardless of its nature, and including employment while working in pain. LSA-R.S. 23:1221(1). To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable. Knotts v. Snelling Temporaries, 27,773 (La.App.2d Cir.12/6/95), 665 So.2d 657.
In the present case, Dr. McAlister and Dr. Lillich released the claimant to perform the light-duty guard house job. Dr. Lillich's recognition that this job would require claimant to work in pain is evidenced by his referral of claimant to a pain management specialist. However, the fact that claimant would have been in pain at this job does not allow an award of TTD. Based on the evidence in the record, the WCJ could reasonably have found that claimant failed to establish by clear and convincing evidence that she was physically unable to perform any employment, including while working in pain. Thus, we cannot say the WCJ was clearly wrong in denying TTD benefits to claimant.

Supplemental Earnings Benefits
In two assignments of error, the defendant contends the WCJ erred in awarding SEB to the claimant. Defendant argues that claimant failed to prove she is unable to perform the offered sedentary job and is not entitled to receive SEB.
In order to recover SEB, an employee must show by a preponderance of the evidence that a work-related injury resulted in the inability to earn 90% or more of the pre-injury wages. LSA-R.S. *1012 23:1221(3)(a). The purpose of supplemental earnings benefits is to compensate the injured employee for the wage-earning capacity lost as a result of his accident. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. If the employee meets her burden, the responsibility shifts to the employer to show that the worker is physically capable to work an available job. Once the employer demonstrates that the employee can work and a job is available, the employee must prove by clear and convincing evidence, unaided by a presumption of disability, that she is unable to perform the offered job. Hagan v. LSU Medical Center, 28,669 (La.App.2d Cir.9/27/96), 681 So.2d 971.
An employee who is released for light-duty work and is no longer eligible for TTD, may be entitled to an award of SEB. Graham v. Georgia-Pacific Corp., 26,165 (La.App.2d Cir.9/23/94), 643 So.2d 352. A worker's substantial pain is a factor in considering eligibility for SEB, unlike situations involving TTD. Mitchell v. AT & T, 27,290 (La.App.2d Cir.8/28/95), 660 So.2d 204, writ denied, 95-2474 (La.12/15/95), 664 So.2d 456. A court of appeal should not set aside a finding of fact by the workers' compensation judge in the absence of manifest error. See Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. To reverse a fact finder's determination, the reviewing court must conclude that a reasonable factual basis for that finding does not exist in the record. Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993).
In the present case, the claimant established that she was unable to perform her previous job at Libbey as a result of her injury. The defendant presented evidence that a sedentary job as guard house receptionist was available and would have provided the same rate of pay as claimant's prior job. Thus, in order to obtain SEB, the claimant was required to produce clear and convincing evidence that she was unable to perform the offered employment as a consequence of substantial pain.
The claimant presented testimony by Dr. Donna Holder, an anesthesiologist who was accepted as an expert in pain management. Dr. Holder stated that she first saw claimant in March 1998, with a complaint of a burning, aching pain in her right foot and ankle. The foot was cool to the touch and appeared slightly purple in color. On the basis of claimant's physical condition and pain symptoms, Dr. Holder diagnosed the claimant with reflex sympathetic dystrophy (RSD), a neurovascular disorder involving the sympathetic nervous system. Dr. Holder opined that the claimant was unable to perform any job due to her pain.
Dr. Holder testified that although claimant might be able to do sedentary work in the future, at the time of trial her pain problems had not been adequately treated. Dr. Holder stated that claimant's complaints of a tingling sensation and areas of numbness in her foot were consistent with restricted blood flow to the extremity, a "classic" symptom of RSD.
In its brief, the defendant contends that psychological testing of claimant conducted at the direction of Dr. Paul Ware indicated that claimant exaggerated her complaints of pain, casting doubt upon Dr. Holder's diagnosis. However, the medical evidence shows that claimant continued to exhibit objective indicators of injury, including swelling and discoloration of her foot and decreased skin temperature, indicating impaired blood circulation to the foot. Dr. Holder stated that she did not have reason to believe that claimant was consciously exaggerating her pain or malingering. In his deposition, Dr. Ware acknowledged that his role was limited to performing a psychiatric evaluation of claimant and that *1013 he had not been concerned with diagnosing RSD.
The WCJ heard the testimony and considered the medical evidence, which contained expert witness opinion that claimant's continued complaints of substantial pain were consistent with the objective physical condition of her foot and that claimant was not capable of performing any job due to her pain. In light of the evidence, the WCJ was reasonable in accepting the expert medical opinion of Dr. Holder. Based upon this record, and mindful of our standard of review, we cannot say that the WCJ was clearly wrong in finding that the claimant was unable to perform the offered job as a consequence of substantial pain. The assignment of error lacks merit.
The defendant contends that the WCJ erred in ordering SEB payments to continue until the claimant "is released to a job that falls within the requirements of Banks v. Industrial Roofing [& Sheet Metal Works, Inc.,] or within the statutory maximum limits." As provided by LSA-R.S. 23:1221(3)(a), an award of SEB is determined by comparing the difference between the average monthly wage at the time of injury to that which the employee is able to earn, and such comparison is made on a monthly basis. Thus, the amount of SEB to be paid is subject to change in any month in which the employer is able to show that the employee is earning wages or is able to earn wages. Woolsey v. Cotton Bros. Bakery Co., 535 So.2d 1119 (La.App. 2d Cir.1988), writ denied, 537 So.2d 1168 (La.1989); Spencer v. Gaylord Container Corp., 96-1230 (La. App. 1st Cir. 3/27/97), 693 So.2d 818.
Therefore, the WCJ judgment shall be amended to order that the defendant pay SEB to claimant in accordance with LSA-R.S. 23:1221(3)(a). Additionally, we note that the WCJ's calculation of the amount of SEB payments was not assigned as error on appeal by either party and the issue is not before this court.

Disability Caused By Mental Injury
The claimant contends the WCJ erred in finding that she failed to present proof of a mental injury and is not entitled to compensation. In order to recover disability benefits for any mental injury caused by a work-related accident, a claimant must demonstrate the injury by clear and convincing evidence. LSA-R.S. 23:1021(7). A mental injury shall be compensable only when it is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria established in the current issue of the Diagnostic and Statistical Manual of Mental Disorders ("DSM"), published by the American Psychiatric Association. LSA-R.S. 23:1021(7)(d).
In his deposition, Dr. Hayes testified that he had diagnosed claimant with post traumatic stress disorder resulting from her job-related injury. At the time of trial, Dr. Hayes had been treating the claimant for approximately eighteen months. In January 1997, Dr. Hayes opined that the claimant was disabled from working as of the date of her accident. Dr. Hayes acknowledged that this determination was based on his review of the claimant's history obtained by his assistant, without having a personal interview with the claimant. The evidence shows that Dr. Hayes did not conduct any psychological testing of claimant. Dr. Hayes diagnosed the claimant as having post traumatic stress disorder and symptoms of depression, which he considered psychiatrically disabling conditions that prevented claimant from returning to work.
The claimant was seen by Dr. Paul Ware in January 1998, for a psychiatric evaluation at the defendant's request. The claimant was interviewed by Dr. Ware for approximately one hour on a single occasion. Dr. Ware stated that several psychological tests were given to the claimant, including the Wechsler exam and the Minnesota Multiphasic Personality Inventory (MMPI). However, Dr. Ware reported that the MMPI result was *1014 not considered valid because the claimant's responses indicated exaggeration of her psychopathology.
Dr. Ware testified that a complete psychiatric evaluation with a valid diagnosis requires application of the five axis listed in the DSM and that he had made findings under each category. Based on his psychiatric evaluation, Dr. Ware diagnosed the claimant as having an adjustment disorder with anxious mood. He did not agree with Dr. Hayes' diagnosis of post traumatic stress disorder and depression. Dr. Ware opined that the psychiatric evidence did not establish that the claimant was disabled from returning to work because of a psychiatric disease.
The WCJ was presented with conflicting medical testimony concerning the issue of whether claimant had sustained a psychiatric disability. The WCJ questioned Dr. Hayes' methodology in forming a diagnosis and the claimant's nine-month delay in seeking psychiatric care. Based upon this record, we cannot say the WCJ was clearly wrong in finding that the claimant failed to satisfy her burden of producing clear and convincing evidence of a compensable mental injury. The assignment of error lacks merit.

Penalties and Attorney Fees
The defendant contends the WCJ erred in assessing a penalty and attorney fees for its failure to pay certain pharmacy bills and mileage expenses. We agree.
LSA-R.S. 23:1203 requires employers to furnish all necessary medical treatment to an employee injured in a work-related accident. In addition, the employer is liable for the reasonable and necessary expenses incurred by the employee for mileage traveled in obtaining medical services which the employer is required to furnish. LSA-R.S. 23:1203(D).
The employer's failure to provide payment of compensation or medical benefits owed shall result in the assessment of a penalty and reasonable attorney fees, unless the employer has reasonably controverted the claim. LSA-R.S. 23:1201 F. To reasonably controvert a claim, the employer must have factual or medical information to reasonably counter that provided by claimant. Balsamo v. Jones, 28,885 (La.App.2d Cir.12/11/96), 685 So.2d 1140. Statutory provisions permitting the assessment of penalties and attorney fees for nonpayment of workers' compensation benefits are penal in nature and must be strictly construed. Davis v. Jones Baldwin Music Co., 27,545 (La.App.2d Cir.11/1/95), 662 So.2d 803. The WCJ's decision concerning whether or not to assess statutory penalties and attorney fees will not be disturbed absent an abuse of discretion. Balsamo v. Jones, supra.
The evidence shows that at the time claimant sought payment for treatment provided by Dr. Hayes, the employer possessed information that claimant had been released for light-duty work, but had not attempted to perform the job. The defendant had also received a psychiatric evaluation of claimant performed by Dr. Ware, who opined that the claimant was not psychiatrically disabled from working. In addition, the testimony of Decky Pritchard, an employee of the defendant's third party administrator of workers' compensation claims, established that defendant had paid numerous other bills for medical services.
The evidence in the record demonstrates that on the basis of the factual and medical information available, the defendant reasonably controverted its liability to pay certain pharmacy bills and mileage expenses incurred by claimant in obtaining treatment for the alleged mental injury. Consequently, we must conclude that the WCJ abused her discretion in assessing a penalty and attorney fees for the defendant's nonpayment of the disputed mileage and prescription expenses. Thus, the assessment of a penalty of $2,000 and the award of attorney fees of $3,000 shall be reversed.
In her brief, the claimant contends the WCJ erred in finding that the defendant reasonably contested her claims for compensation benefits and in refusing to assess *1015 additional penalties and attorney fees. As previously stated, the evidence shows that defendant received medical reports from two orthopedic physicians releasing claimant to work in the light-duty guard house job, which would have provided the same wages as her pre-injury earnings.
The claimant asserts that in refusing to pay her compensation benefits, the defendant ignored Dr. Holder's conclusions about her condition. Contrary to claimant's assertion, Peter Williams, the human resources manager at Libbey, testified that the defendant reviewed Dr. Holder's report and interpreted her comments about the work "environment" to mean that claimant could perform a job in a different location from where she had been injured. The WCJ found that the defendant's response to Dr. Holder's report was reasonable. After reviewing the record and considering the information possessed by defendant, we cannot say the WCJ was clearly wrong in finding that defendant reasonably controverted the claims for TTD and SEB, and did not act arbitrarily in contesting the payment of additional compensation benefits to claimant.

Necessary Medical Treatment
The claimant also contends the WCJ erred in declining to order defendant to pay Dr. Hayes' bill of $1,186 and related expenses for psychiatric treatment. The right to medical expenses is separate and distinct from the right to compensation. Therefore, an employee may recover medical expenses even though there is no recovery for compensation. Elliott v. OMSI, 97-71 (La.App. 3rd Cir. 4/30/97), 693 So.2d 847, writ denied, 97-1841 (La.10/17/97), 701 So.2d 1327. The employee must prove by a reasonable preponderance of the evidence the necessity and relationship of treatment provided by the physician to the work-related accident. Balsamo v. Jones, supra.
Here, the evidence shows that the claimant sustained a serious injury to her foot and continues to experience pain. When seeking treatment with Dr. Hayes, the claimant related her anxiety and symptoms of depression to the occurrence of the work accident and the resulting persistent pain, which had severely restricted her activities. In a written patient assessment, Dr. Holder opined that the claimant "needs to continue" with Dr. Hayes for treatment of anxiety and depression. In addition, when initially preparing the claimant's social history, Dr. Ware's assistants noted that claimant exhibited symptoms of anxiety and depression related to the work injury.
Although the WCJ found that claimant failed to prove a compensable mental injury, the WCJ recognized that the claimant's symptoms of anxiety and depression could have developed during the nine-month period which passed before she sought psychiatric treatment. Dr. Hayes prescribed anti-anxiety medication for the claimant and opined that the work injury and resulting pain were the primary factors contributing to claimant's anxiety and depression. Dr. Ware reported that the claimant displayed features of post traumatic stress, but did not believe her symptoms supported the diagnosis of such a disorder.
Based upon this record, we conclude that the claimant proved by a reasonable preponderance of the evidence that her symptoms of anxiety and depression were at least partly a result of the work-related accident and that the psychiatric treatment provided by Dr. Hayes to the claimant was reasonably necessary. Consequently, the WCJ erred in declining to order the defendant to pay Dr. Hayes' bill for psychiatric care, and the prescription and mileage expenses related to such care.

CONCLUSION
For the foregoing reasons, that part of the WCJ's judgment assessing the defendant with penalties and attorney fees is reversed. The judgment is hereby amended to order the defendant, Libbey Glass, Inc., to pay Dr. Joe Hayes' bill for psychiatric care in the amount of $1,186, and to *1016 reimburse claimant for pharmacy costs of $75, and for mileage expenses of $256.
The judgment is further amended to order the defendant, Libbey Glass, Inc., to pay SEB in accordance with LSA-R.S. 23:1221(3)(a), and to delete the language continuing such payments to the statutory maximum limit or until the claimant is released to a job conforming with a particular judicial decision. The judgment is otherwise affirmed. Costs of this appeal are assessed to the appellant, Libbey Glass, Inc.
REVERSED IN PART, AMENDED AND AFFIRMED AS AMENDED.
KOSTELKA, J., dissents with written reasons.
KOSTELKA, J., dissenting
I must respectfully dissent. The workers' compensation judge and this court agree that claimant did not clearly prove her disability due to a physical or mental injury. By the same standard, claimant has failed to prove a disability due to substantial pain, particularly when she never attempted the offered employment and was found, after psychological testing, to be exaggerating and fabricating her complaints.