11 STEWART, J.,
concurs in part and dissents in part.
I concur in the majority’s finding that the trial court properly denied the plaintiffs claim for attorney fees based on the defendant’s failure to approve medical benefits. However, I must respectfully dissent with the majority’s finding the plaintiff was not entitled to supplemental earnings benefits (SEB).
As stated in Graham, supra, SEB are a lesser included element of total temporary disability benefits (TTD). This fact is made clear by the fact that claims for TTD may be converted to SEB when an injured worker is able to return to some gainful employment. Baker v. Libbey Glass, Inc., 32,748 (La.App. 2nd Cir.5/10/00), 759 So.2d 1007. The trial court erred as a matter of law when it concluded that although the *743 plaintiffs claim for SEB had not prescribed, she was not entitled to SEB because she was not in “SEB status.” The record demonstrates that the plaintiff showed that she was unable to earn ninety-percent (90%) of her pre-injury income.
Moreover, a fair reading of La. R.S. 23:1221 demonstrates that TTD and SEB are not separate tracks providing two exclusive remedies to an injured employee, but rather they are two sides of the same coin designed to provide an injured worker with the maximum assistance under the law. Workers compensation is to be liberally construed in favor of coverage. Atwood v. Ewing Timber, Inc., 34,045 (La.App. 2nd Cir.12/15/00), 774 So.2d 1140. Thus, I would remand the case to the trial court for a determination of the proper amount of SEB to be awarded.