855 So.2d 920 (2003)
Howard ROAN, Plaintiff-Appellant,
v.
APACHE CHEMICAL TRANSPORTERS, Defendant-Appellee.
No. 37,671-WCA.
Court of Appeals of Louisiana, Second Circuit.
September 24, 2003.
*922 Francis C. Broussard, Monroe, for Appellant.
Phillip M. Hendry, for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, J.
A disputed workers' compensation claim was filed by claimant, Howard Roan, to contest the employer's calculation of claimant's weekly temporary total disability (TTD) benefits, to establish the correct benefit amount and to seek payment of penalties and attorney fees. The workers' compensation judge (WCJ) found in favor of the employer, Apache Chemical Transporters (Apache) and its workers' compensation insurer, Louisiana Workers' Compensation Corporation (LWCC), and against the claimant, finding that the TTD benefits were properly calculated by Apache and LWCC. The WCJ denied claimant's request for penalties and attorney fees for defendant's failure to correctly calculate TTD benefits. For the following reasons, we affirm.

FACTS
The claimant filed a disputed claim for compensation alleging that he had been injured on November 29, 2001, while he was in the course and scope of his employment with Apache. According to the claimant, he was injured approximately 14 days after he commenced his employment with Apache. The claimant stated that he slipped while working on the top of a tank and fell 10 to 15 feet to the ground, landing on his back. He alleged that his average weekly wage was in the range of $500 to $600. He further alleged that the weekly TTD benefit he was receiving was $254.23 per week, but that the amount should be the maximum rate of $400 per week. The basis of the disputed claim was that the weekly TTD benefit he was receiving during his disability was incorrectly calculated. He also sought penalties and attorney fees.
At trial, the parties stipulated that claimant had sustained a work-related accident and that he was temporarily totally disabled as a result thereof. At the conclusion of the evidence and arguments of counsel, the WCJ found that the compensation rate as calculated by the defendants was correct and denied the claimant's request for a modification thereof. Claimant's request for penalties and attorney fees was also denied. This appeal followed.

DISCUSSION
The claimant contends the WCJ erred in finding that the TTD calculation by the LWCC was correct. He argues that: (1) The wages paid to the claimant for work performed on November 29, 2001, should not have been excluded from the calculation of benefits; and, (2) The factor of 3.5 used as the average number of days he had worked per week was in error.
While the framework for the calculation of the weekly benefit is provided for in the Louisiana Workers' Compensation Act, neither the statutory language nor the jurisprudence lend much certainty to the proper resolution of the question presented here. We are guided, however, by some general principles to which the courts adhere in workers' compensation cases.
Factual findings in a workers' compensation case are subject to the manifest *923 error or clearly wrong standard of appellate review. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129; Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Freeman, supra; Stobart v. State, 617 So.2d 880 (La.1993); Mart v. Hill, 505 So.2d 1120 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart, supra. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
It is well established that the workers' compensation act is remedial in nature and that in order to effectuate the humane policies it reflects, the law is to be liberally construed in favor of the injured employee. Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993); Glascock v. Georgia-Pacific Corp., 25,677 (La. App.2d. Cir.3/30/94), 635 So.2d 474. An appellate court may overturn a judgment of a WCJ if she made a factual finding which is manifestly erroneous or if she made an error of law, in which case, her decision is owed no deference by a reviewing court. Box v. City of Baton Rouge, XXXX-XXXX (La.App. 1st Cir.4/2/03), 844 So.2d 405.

Temporary Total Disability Benefits
The calculation of the weekly TTD benefit due an injured employee is governed by LSA-R.S. 23:1221(1)(a), which reads, in pertinent part, as follows:
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
....

For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training or experience, sixty-six and two thirds percent of wages during the period of such disability. (Emphasis added)

To properly apply the above-quoted language, we look to the definition of "wages" as defined in LSA-R.S. 23:1021. Because the claimant was paid on a per unit or commission basis and had not worked a full twenty-six week period preceding the accident, the following pertinent language from LSA-R.S. 23:1021(10)(d) is applicable:
(10) "Wages" means average weekly wage at the time of the accident.
The average weekly wage shall be determined as follows:
....
(d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis ... if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by the average number of days worked per week.
*924 Thus, the calculation for arriving at the weekly TTD benefit in the present case can be expressed using the following formula:
 2/3 × ("average weekly wage")
with the claimant's "average weekly wage" being calculated pursuant to the following formula:
(total earnings during period immediately preceding accident)
(total number of days worked during the same period)
multiplied by
(average number of days worked per week)
The dispute that has arisen in the present case centers around two of the variables utilized by the WCJ in applying the formula for arriving at the "average weekly wage." Specifically, claimant takes issue with the figures used for the "total earnings" and the "average number of days worked per week."

Gross Earnings for Period Preceding Employment
The claimant argues that the WCJ erred in not including the wages he was paid for work performed on November 29, 2001, the date of the accident. He asserts that there is no statutory or jurisprudential authority for not doing so. We disagree. The legislature has provided that the "average weekly wage" for a per unit or commission employee who has not worked a twenty-six-week period preceding the accident is determined by dividing the gross earnings of the employee for the period "immediately preceding the accident" by the number of days actually worked, and then multiplying the result by the average number of days worked per week.
The exclusion of wages earned on the day of the accident is a reasonable reading of the statutory language and the construction most favorable to the claimant; it is more likely that an employee's earnings on the date of an accident will be less than his earnings on an average day. This premise is true in the present case. Claimant's average daily earnings for the first seven days he worked was $108.96. His earnings on the day of his injury were $97.70. Inclusion of this latter figure would only serve to lower his average daily earnings. Consequently, we find no error in the WCJ's exclusion of claimant's wages for November 29, 2001. This assignment of error is without merit.

Average Number of Days Worked Per Week
Claimant's second argument with regard to the TTD benefit calculation pertains to the number (3.5) used by the WCJ as the average number of days worked per week by which the total average daily earnings amount is multiplied to arrive at the "average weekly wage." The WCJ found that the LWCC was correct in determining that the average number of days worked per week was 3.5 on the basis that the claimant worked seven days over two one-week pay periods.
Claimant contends this finding was in error because he was not hired until halfway through the first of the two pay periods. He asserts that if the "average weekly wage" calculation was to be made on those seven days of earnings alone, then the seven days should have been divided by 1.5, which represents the one and one-half week he actually had been employed by Apache. Doing so would yield an average number of days worked of four and two thirds (4 2/3). In the alternative, the claimant proposes that because the seven days used to calculate his average daily earnings were consecutive and because a week is seven days, he should be considered to have worked an average of seven days per week.
*925 Claimant argues that the WCJ erred in dividing the number of days worked (7) by two full weeks, when he was only hired midway through the first week. We disagree.
By mandating that the court determine the "average" number of days worked per week by which to multiply the "average daily earnings"; the formula seeks to establish the normal, ordinary and usual weekly compensation received by the employee for the normal, ordinary and usual work performed during a week. Because the statute neither defines a "week" nor specifies how the average number of days worked per week is to be calculated, we find that the method used by the WCJ was reasonable.
The claimant received gross earnings of $762.70 from Apache during the period immediately preceding the accident. Those earnings were paid for seven days during which the claimant worked for Apache. The gross earnings divided by the number of days worked yield an average daily wage of $108.96.
Although the claimant was hired on November 15, 2001, he worked a total of three (3) days the week beginning November 12 and ending November 18, 2001. He then worked a total of four (4) days the week beginning November 19 and ending November 25, 2001. Since he worked in each of the two (2) weeks during this period, the WCJ reasonably divided the total number of days worked (7) by 2 for an average of 3.5 days per week.
The WCJ then multiplied the claimant's average number of days worked per week (3.5 days) by his average daily wage of $108.96 to arrive at an "average weekly wage" of $381.36. His weekly TTD benefit was determined by calculating sixty-six and two-thirds percent of the "average weekly wage," or $254.23. LSA-R.S. 23:1221(1)(a). Therefore, we find no error in the calculation of claimant's TTD benefits by the LWCC and the WCJ. This assignment of error is without merit.

Penalties and Attorney Fees
The claimant contends the WCJ erred in not awarding him penalties and attorney fees under LSA-R.S. (F), which provides, in pertinent part, as follows:
(F) Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
* * *
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
The employer's failure to provide payment of compensation or medical benefits owed shall result in the assessment of a penalty and reasonable attorney fees, unless the employer has reasonably controverted the claim. LSA-R.S. 23:1201(F); Baker v. Libbey Glass, Inc., 32,748 (La.App.2d Cir.5/10/00), 759 So.2d 1007. However, in the instant case, since we affirm the WCJ's finding that Apache and the LWCC paid the claimant the correct amount of TTD benefits; there is no basis for an award of statutory penalty and attorney fees. Therefore, this assignment of error is without merit.

*926 CONCLUSION
For the reasons set forth above, the judgment of the Office of Workers' Compensation is affirmed. Costs of this appeal are assessed to the claimant, Howard Roan.
AFFIRMED.