STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
03-1178 consolidated with 03-1271

OMSI

VERSUS

ALVIN JOE ELLIOTT

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT # 3
PARISH OF CALCASIEU, NO. 01-02546
HONORABLE CHARLOTTE A. L. BUSHNELL,
WORKERS COMPENSATION JUDGE

**********

ARTHUR J. PLANCHARD

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Arthur J. Planchard*, Judges.

AFFIRMED.

Jeffrey C. Napolitano
Keith E. Pittman
Juge, Napolitano, Guilbeau, Ruli & Frieman
3838 N. Causeway Blvd., #2500
Metarie, LA 70002
Counsel for Plaintiff/Appellant:
    OMSI

Patricia  McKay Clotiaux
Waller & Associates
3838 N. Causeway, Ste. 3160
Metairie, LA 70002
Counsel for Defendant/Appellee:
    Repcon, Inc.

*Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Robert L. Beck, Jr.**
**Rivers, Beck, Dalrymple & Ledet**
**P. O. Drawer 12850**
**Alexandria, LA 71315-2850**
**Counsel for Claimant/Appellee:**
**Alvin Joe Elliott, et al.**

**Jeffrey Martin Cole**
**Plauche, Smith & Nieset**
**P.O. Drawer 1705**
**Lake Charles, LA 70602**
**Counsel for Defendant/Appellee:**
**Wyatt Field Service**

PLANCHARD, Judge[1].

Plaintiff, OMSI, appeals a workers' compensation judge's (WCJ) decision dismissing Plaintiff's petition seeking indemnification and/or contribution from Defendants, Wyatt Field Service (Wyatt) and Repcon, Inc. (Repcon) as prescribed. We affirm the judgment of the WCJ.

**FACTS**

This case has a long history, dating back to Mr. Elloitt's original injury in 1987. The early history can be found in *Elliott v. OMSI*, 97-71, pp. 1-2 (La.App. 3 rd Cir. 4/30/97), 693 So.2d 847, 848, *writ denied*, 97-1841 (La.10/17/97), 701 So.2d 1327, where a panel of this court related the following:

> Claimant filed his Form 1008 on May 30, 1995, complaining that he had become disabled by injury on June 7, 1994. The basis of his complaint included allegedly disabling left arm and shoulder injuries and carpal tunnel syndrome, the latter of which was diagnosed by claimant's treating physician without contradiction.

> The matter was tried on the briefs and the record, which shows: the injuries relating to claimant's shoulder constituted an aggravation of a pre-existing injury sustained on or about May 31, 1987, while claimant worked for Labortron, Inc., almost three years before claimant began working for the defendant in these proceedings; but that claimant's carpal tunnel syndrome did not arise until after he became employed by OMSI and while working in the course and scope of his employment there.

> After reviewing the record, the hearing officer concluded that claimant was entitled to wage and medical benefits due to the aggravation of his pre-existing shoulder injury and for the new carpal tunnel syndrome.

Judgment was rendered by the WCJ on November 7, 1996. We affirmed the WCJ's decision on April 30, 1997.

---

[1] Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

1

The record establishes that Mr. Elliott left his employment with OMSI on March 27, 1994. After leaving his employment at OMSI, Mr. Elloitt went to work as a boilermaker for Wyatt. He worked, off and on, for Wyatt from 1994 to sometime in 1997. He left his employment at Wyatt because of lack of work. There is no evidence that Mr. Elliott was in any accident or sustained any type of injury while employed by Wyatt. He filed no claim for benefits against Wyatt. After leaving Wyatt, Mr. Elliott was briefly employed by Repcon in Oklahoma. Records from the workers' compensation court of the state of Oklahoma show that Mr. Elliott, while employed by Repcon, sustained an injury to his right chest on October 31, 1997, and that his claim against Repcon, for that injury, was settled on May 28, 1998, for approximately $2,000.00. There is no evidence in the record that Mr. Elliott sustained a new injury or aggravated his prior injury to either his shoulder or carpal tunnel while employed by Wyatt or Repcon.

The record establishes that OMSI filed the instant PETITION FOR MODIFICATION OF JUDGMENT, INDEMNITY AND/OR CONTRIBUTION on March 16, 2001, against Repcon and Wyatt. Both named Defendants filed exceptions of prescription, no right of action and/or no cause of action. The exceptions were deferred to a hearing on the merits which was held on April 23, 2003. The WCJ, relying on *Larkin v. Regis Hair Stylists*, 02-127 (La.App. 3 Cir. 5/15/02), 817 So.2d 1266, sustained the exceptions of prescription as to both Defendants. OMSI appealed arguing that the Defendants are bound in solido with OMSI for the payment of benefits and that payment of benefits by OMSI interrupts prescription as to both Defendants.

**LAW AND DISCUSSION**

Louisiana Civil Code Article 1796 states: "Solidarity of obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties' intent or from the law." OMSI argues that Wyatt and Repcon are bound with it in solido by law. We disagree.

At first blush, it would appear that OMSI's argument is well founded.

> The coextensive obligations for the "same thing" create the solidarity of the obligations. When it is not clear that the parties are all obliged to the same thing (as in the case of an agreement by several parties to repay a loan), then an obligation in solido is not presumed and must be expressly stipulated. La.C.C. Art. 2093. However, when it is entirely clear that the parties are all obliged to the same thing (as when the law requires each of two or more parties to pay tort damages concurrently caused by each party), then there is an obligation in solido by definition, as a matter of law, and there is no need to presume solidarity. The presumption against solidarity is only designed to be of assistance when it is necessary to determine whether an obligation is joint or solidary.

> Thus, an employer and an employee are solidarily liable for damages caused by the employee's negligence, although the employee's liability is based on his act or omission (Article 2315) and the employer's secondary and derivative liability is imposed by law on the basis of the relationship (Article 2320). While no statute or codal article stipulates solidary liability between the employer and the employee, the obligation is solidary as a matter of law. Both are obliged to the same thing (to repair the damage caused by the employee), neither is entitled to the benefit of division, and either may be compelled for the whole, so that payment by one exonerates the other toward the creditor. *Foster v. Hampton*, 381 So.2d 789 (La.1980); *Sampay v. Morton Salt Co.*, 395 So.2d 326 (La.1981).

> In the *Hoefly* case [*Hoefly v. Government Employees Ins. Co.*, 418 So.2d 575 (La.1982)]. . ., this court recently held that a timely suit against the tortfeasor interrupted prescription against the subsequently joined uninsured motorist carrier of the claimant, because the two defendants were solidary obligors. We held:

>> "An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor. When these characteristics result from provisions of law, as in the case of the obligation of the tortfeasor and uninsured motorist carrier, an obligation in solido exists without requiring an express declaration.

3

> Consequently, the plaintiff's timely and properly filed suit against the tortfeasors interrupted prescription as to his uninsured motorist carrier." 418 So.2d at 576.

*Narcise v. Illinois Cent. R. Co.*, 427 So.2d 1192, 1194-95 (La.1983)(footnote omitted).

However, upon closer examination one finds that such is not the case. The judgment rendered by the WCJ in 1996 which forms the basis for OMSI's obligation to pay benefits, was awarded for both a shoulder injury and for a carpal tunnel problem. Carpal tunnel syndrome is recognized as an occupational disease. La.R.S. 23:1031.1(B). After a lengthy discussion of solidarity among subsequent employers and the responsibility of subsequent employers to pay employees benefits for occupational diseases, the Louisiana Supreme Court reached the following conclusion:

> In occupational disease cases under the workers' compensation laws involving successive employers, an employer whose employment of a claimant has contributed causally to his disabling occupational disease is solidarily obliged to him for the whole obligation to pay workers' compensation. *As between successive employers contributing to an employee's disabling occupational disease, the employer during whose employment the employee was last injuriously exposed to a cause of the occupational disease is fully responsible for all workers' compensation.*

*Gales v. Gold Bond Bldg. Products*, 493 So.2d 611, 617 (La.1986)(emphasis ours).

*See also Ball v. Wendy's Int'l., Inc.*, 36,922; 36,923 (La.App. 2 Cir. 3/5/03), 03-978 (La. 5/30/03), 843 So.2d 1056.

Inasmuch as there is no evidence in the record that Mr. Elliott had any carpal tunnel or shoulder problems in his subsequent employments and considering that a judgment of the Office of Workers' Compensation, which has been affirmed by this court, found that Mr. Elliott's carpal tunnel problems developed as a result of his employment at OMSI, we find OMSI remains fully responsible for all workers' compensation benefits and has no cause of action against either Wyatt or Repcon.

4

Inasmuch as we find OMSI has no cause of action against either Defendant, we need not address the issue of prescription.

Accordingly, for the reasons stated above, the judgment of the Office of Workers' Compensation is affirmed. All costs of this appeal are assessed against Plaintiff/Appellant, OMSI.

**AFFIRMED.**